ALBANY,<br>Jan. 1832.<br><br>Hallenbake<br>v.<br>Fish.

---

## HALLENBAKE *vs.* FISH.

An *inn-keeper* is not liable in *trover* for property entrusted to him in the line of his business, unless an *actual conversion* be shewn : a *demand* and *refusal* is not sufficient evidence of a conversion, unless at the time of the demand the goods were in the possession or under the control of the defendant.

ERROR from the Greene common pleas. Hallenbake sued Fish in a justice's court, and declared in *trover* for detaining a bridle and saddle left in the possession of Fish as an *inn-keeper*. Fish pleaded the general issue. The plaintiff recovered before the justice, and the defendant appealed to the Greene common pleas. On the trial in that court, the plaintiff proved that he stopped at the *inn* of the defendant, and delivered his horse to the ostler of the defendant to be fed ; that the ostler took the saddle and bridle off the horse and deposited them in a barn ; and that when the plaintiff called for his horse, the saddle and bridle could not be found. The plaintiff *demanded* them of the defendant ; what had become of them, or that at the

ALBANY,
Jan. 1832.

Hallenbake
v.
Fish.

time of the demand they were in the possession of the defend-
ant was not shewn.   The common pleas ruled that the action
of *trover* would not lie, and nonsuited the plaintiff, who brought
error to this court.

*J. Van Vleck,* for plaintiff in error.

*J. L Bronk,* for defendant in error.

*By the Court,* SAVAGE, Ch. J.   There can be no doubt that
the defendant would be liable on the facts presented, in *an ac-
tion on the case upon the custom ;* but if the same rule is appli-
cable in an action of trover against an inn-keeper which gov-
erns in that action against a common carrier or wharfinger,
then an *actual conversion* must be proved.   In *Packard* v.
*Getman,* 4 Wendell, 613, it was decided, that to charge a
common carrier in an action of trover, an actual conversion
must be proved ; that in such a case, a demand and refusal to
deliver the goods is not sufficient evidence of a conversion,
unless the goods were in the possession of the defendant, or
under his control at the time of the demand.   If the goods
are stolen or lost by accident, the carrier is not liable in trover ;
the refusal to deliver on demand in such case raises no pre-
sumption of conversion ; but the carrier is liable in another
action.   The liability of the common carrier and inn-keeper is
very similar ; they are both bailees, and liable for losses un-
der similar circumstances ; and the same rules seem to be ap-
plicable to both as to the mode of subjecting them to liability ;
and if so, *trover* cannot be maintained, though *case* may.

Judgment affirmed.