CAMPELL *vs.* THE PEOPLE.

In an indictment for *perjury* against a person voting at an election, an averment that he was sworn *by and before the board* of inspectors, is a sufficient averment that the oath was administered *by* the board—*it seems*, it would be enough to allege that he took the oath *before* the board, they being duly authorized to administer it.

It is not necessary in such case to set forth the whole oath taken by the elector ; it is enough to set out the part of it in which the perjury is alleged to have been committed—as where the prisoner is accused of having falsely sworn to his *citizenship*, only that part of the oath which relates to his being a citizen need be set forth.

It must appear on the face of the indictment, that the matter alleged to be false, was material ; but such materiality need not be expressly averred, when it evidently appears on the record.

Where, by an act of the legislaure, certain oaths are prescribed, and false swearing in taking them is declared perjury, and by a subsequent act the original act is amended and the form of the oaths altered, false swearing under the amendment is perjury, although it be not so expressly declared in the amended act.

CASE from the Niagara oyer and terminer for advice. Campbell was indicted for perjury.    The indictment states that on the 5th day of November, in the  year 1827, at an *annual election* held at the town of Porter, in the county of Niagara, for the choice of a senator from the eighth senatorial district of the state of New-York, one member of assembly, and a sheriff for said county, and four justices of the peace for the town of Porter held pursuant to the constitution and  laws of the state, before the board or inspectors of the said election then sitting at the house of, &c. in the town of Porter, which said board being then and there legally  constituted and organized according to law to receive all legal or lawful votes or ballots for said officers to be elected as aforesaid, R. Campbell appeared before the board  and offered his votes or ballots for some or all of said officers ; whereupon, before his votes or ballots were given in, he was duly challenged; touching his right or legal ability to vote at said election for the said officers, or either of them, and on being challenged, he was then and there duly sworn, and *did take his coporal oath before the said board* so constituted and sitting as aforesaid, the said

board being then and there duly authorized and empowered to administer an oath to the said R. Campbell in that behalf, and he, the said R. Campbell, being then and there *sworn by and before said board,* and not regarding the laws of the state, &c. did then and there falsely, wilfully and corruptly say, depose and swear to and before the board aforesaid, touching his right to vote, and his qualifications as a voter at said election for the officers aforesaid, " in substance and effect as follows : among other things, that is to say, that he, the said R. C., was a natural born or a naturalized citizen of the state of New-York, or one of the United States of America ; whereas, in truth and in fact, he, the said R. C., was not a natural born or naturalized citizen of the state of New-York, or one of the United States of America, and so the jurors say that the said R. C. on, &c. did commit wilful and corrupt perjury. The prisoner *demurred* to the indictment. The oyer and terminer held the indictment to be good, but suspended judgment until the advice of this court could be obtained.

*E. Griffin,* for the defendant, insisted upon the following points : 1. That the indictment is defective in not averring that the oath alleged to have been taken by the prisoner was administered *by the inspectors* of the election or by one of them ; 2. That the indictment is bad in not setting forth at full length the oath taken by the prisoner, so as to shew that it conformed to the statute, for it is only when the elector is guilty of wilful and corrupt false swearing in taking an oath *prescribed by the act,* that the statute declares that such person shall be adjudged guilty of perjury ; 3. It should have been averred that the fact in relation to which it is charged that the oath was false, was material to the determination of the qualification of the prisoner as a voter, upon the challenge made, or it should appear from the indictment itself ; for aught appearing in this case, the prisoner may have been challenged on the ground of his not being a resident of the town, and his citizenship may not have been questioned ; if the challenge was that he was not a *citizen,* it should so have been averred ; and 4. The false swearing in taking an oath under the election law of 1827, is not by that act declared per-

ALBANY,
Jan. 1832.

Campbell
v.
The People

jury, and if so, the prisoner cannot be punished for perjury under the statute.

*Greene C. Bronson*, (attorney-general) for the people.

*By the Court*, SUTHERLAND, J. The indictment alleges that Robert Campbell being challenged as to his right to vote, &c. was then and there duly sworn, and did take his corporal oath *before the said board* so constituted and sitting as aforesaid, the said board being then and there duly authorized and empowered to administer an oath to the said Robert Campbell in that behalf, and the said Robert *being then and there sworn, by and before the said board,* &c. did falsely depose, &c. This is a sufficient averment that the oath was administered by the board. The allegation that he took the oath *before* the said board, they being duly authorized to administer such oath, would, I apprehend, of itself be sufficient; but it is further alleged that he was sworn *by* as well as *before* the said board, and although this is not stated in the precise form of an averment, it is, I apprehend, abundantly sufficient when taken in connection with what precedes it. Indeed a reference to the precedents, will shew that the usual allegation is merely that the oath was taken *before* A. B., he having competent authority to administer it, without any other averment that the oath was administered by A. B. 2 Chitty C. L. 319, 20, 21, 22.

It cannot be necessary to set out the whole of the oath. Such parts of it as are alleged to have been false, and are material in the given case, are all that it can be requisite to state. The assignment of perjury here is confined exclusively to the *citizenship* of the defendant; and the allegation is, that he did falsely swear, in substance and effect, as follows, among other things, that is to say, that he was a natural born or a naturalized citizen of the state of New-York, or of one of the United States of America, whereas in truth and in fact, he was not a natural born or naturalized citizen, &c. This appears to be sufficient according to the established principles of civil and criminal pleading.

It must undoubtedly appear on the face of the indictment that the matter alleged to have been false, was ma-

terial; but such materiality need not be expressly averred; it is sufficient if it evidently appears on the record. 2 Chitty C. L. 309, and cases there cited. 2 Stark. R. 423, note. Here it does appear.

The act of 1822, page 273, section 8, expressly makes any false swearing in taking any oath prescribed by it, perjury. The act of 1827, page 173, under which this oath was taken purports only to be an act *to amend, not repeal* the former act; all the provisions of the act of 1822, therefore, remain in force, except so far as they are inconsistent with the act of 1827. The oyer and terminer should proceed and sentence the defendant.

ALBANY,
Jan. 1832.

Campbell
v.
The People.

END OF JANUARY TERM.

# CASES

ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF NEW-YORK,

IN MAY TERM, 1832, IN THE FIFTY-SIXTH YEAR OF OUR INDEPENDENCE.