JOHN and EDWARD M. NEEDLES *v.* DANIEL D. HOWARD.

Where the keeper of an inn is in the habit of receiving packages for the accommodation of his guests, and keeps a book for the registry thereof, and goods of a guest are delivered at the inn, to the clerk having charge of such registry, the innkeeper becomes liable *as such*, for their safety. INGRAHAM, FIRST J., dissenting.

The liability of an innkeeper is not limited to wearing apparel and such articles as travelers are accustomed to carry under the denomination of baggage; but it extends to the *goods* of a guest, where they have been received.

The custody of the goods of a guest, sent to him at his hotel, and taken in charge by the proprietor, in accordance with the general custom and management of the establishment, is accessory to, or follows as a consequence of, the contract between the parties. *Per* DALY, J.

Two partners, only one of whom is a guest at the inn, can maintain an action against an innkeeper *as such*, for the loss of goods which are the property of the firm.

*It seems*, that at common law the action would be well brought in the joint name of the partners, and that the code of procedure *requires* it to be so brought. *Per* WOODRUFF, J.

An innkeeper may refuse to receive packages of goods from third persons; but if he do receive them for the accommodation of his lodgers, he acts in his character of innkeeper, and subject to the responsibilities of that relation. INGRAHAM, FIRST J., dissenting.

The proofs in this case, (adduced to establish that one of the plaintiffs was a guest of the defendant; that the goods alleged to have been lost were delivered at the hotel; that the plaintiffs were jointly interested in them; and upon the question of their nature and value,) stated and their sufficiency considered.

Affirmative evidence is properly deemed of greater weight than negative testimony.

The value and not the cost of goods lost while in the hands of a person responsible for their safe keeping, is the measure of damages.

On appeal from a justice's court, a judgment will not be disturbed for error in the charge to the jury, where it is apparent, notwithstanding, that justice has been done.

Where the evidence in the court below is contradictory, this court will not on appeal interfere with the verdict, unless very clearly against the weight of evidence.

THIS action was to recover the value of lace goods, purchased by the plaintiffs of J. R. Jaffray & Sons, and sent to E. M. Needles, one of the plaintiffs, at the Irving Hotel, where he was staying, and of which the defendant was the proprietor. The plaintiff, J. Needles, was not a guest at that house.

The defendant was in the habit of receiving packages left from time to time for his guests, and kept a register in which a memorandum of their receipt was entered, and on the day in question, *thirty six* packages were so left. The goods in question were delivered by a porter at the hotel, to the clerk in charge of such register, and were lost.

The cause was tried in the marine court before Judge Lynch and a jury, and a verdict found for the plaintiffs. From the judgment of the court below, upon the verdict, the defendant appealed.

*J. E. Burrill, jr.,* for the appellant, cited Tamlyn's Law Dict. Title, *Guest ;* 1 Rolle's Abrigd. *Actions sur le case,* E. p. 3; *Rex* v. *Lewellin,* 12 Modern Rep. 445; *Gallye* v. *Clark,* Noy's Rep. 126; *York* v. *Grindstone,* 1 Salkeld, 388; 2 Lord Raymond, 866; *Johnson* v. *Hill,* 3 Starkie's Rep. 172; 12 Johns. Rep. 403; 16 Wend. 360; 13 Johns. Rep. 151; *Read* v. *Hind,* 7 Wend. 411; *Fitzgerald* v. *Alexander,* 19 Wend. 404; *Clement* v. *Laggins,* 1 Ala. 126; 11 Pick. 140; 11 Vermont, 626; *State* v. *Thomas,* 7 Iredell, 382, &c.

. *Wm. Allen Butler,* for the respondents, cited Story on Bailments, § 470; 2 Kent's Comm. 592, 593; *Cook* v. *Godwin,* 19 Wend. 259; *Piper* v. *Manny,* 21 Wend. 282; *Clute* v. *Wiggins,* 14 Johns. 175; *Grinnell* v. *Cook,* 3 Hill, 491, &c.

DALY, J.—An innkeeper is not paid so much in money for taking charge of the property of his guest, but the custody of the goods is considered as *accessory* to, or following as a consequence of, the principal contract; as the carriage of a passenger's luggage, for which no compensation is received, is accessory to the contract for the conveyance of the passenger. In the language of Sir William Jones, it comes within the class of cases, "in which a man takes upon himself the custody of goods, in consideration of *another gainful contract.*" Jones on Bailments, 93; Story on do. §§ 536, 487; 12 Mod. 487.

When an innkeeper, therefore, receives a traveler and his property, he is bound to take charge of the property, and though the guest pays but for his entertainment, what he thus pays, to quote again, in substance, from the same authority, is to be regarded as extending to the care bestowed upon his property. The care and custody of the property of guests constitutes a part of the innkeeper's business; and unless the parcel in question was received by the defendant, in the ordinary course of his business as an innkeeper, it was simply a bailment.

The defendant is the proprietor of a large hotel in this city. He is in the habit of receiving small packages for his guests, while they are stopping at his house. It is not an incidental or casual thing, but an established practice. A book is kept in the office attached to the hotel, in which the packages are registered as they are received by the defendant's clerk. An entry is made of the date of the receipt of the package, the person to whom it belongs, the number of his room, and the servant to whom it was delivered. Thirty six packages were so received and registered upon the day when this package was delivered to the defendant's clerk. It is not necessary to inquire whether the defendant is bound to receive packages which his guests may send to his hotel, after they have taken up their abode there. He has himself adopted the practice of receiving them, and from the regulations he has established respecting them, I think he has made their receipt a part of the conduct and arrangement of his hotel. That is, that he has made it a part of his business as a hotel keeper to receive and take charge of them for his guests. It is a practice which is adopted for the accommodation and convenience of his guests, as much so as the taking charge of the baggage of the guest when he arrives at the hotel. No direct compensation are received for either. They are both accessory to the principal contract. One, in my judgment, as much so as the other. The reason and inducement, on the part of the innkeeper, are alike in both cases. It is to render his hotel desirable and convenient to the traveler. It may fairly be presumed that he

would not establish such a practice if he did not deem it his interest to do so. I would not say how far the casual accept-ance of a package sent to an inn for a guest, who is stopping there, comes within the business of an innkeeper, but I have no doubt, that when he makes it his custom to receive such packages, when it enters into and forms a part of the general conduct and management of his establishment, that it is as much a part of his business as anything else he may do for the convenience and comfort of his guests.

WOODRUFF, J.—The main question of law discussed by the counsel for the appellant, on his appeal, was whether two part-ners can maintain an action against an innkeeper, *as such*, for the loss of goods which are the property of the firm, when one only of the parties is a guest at the inn.

There was no pretence in this case, that the plaintiff, John Needles, was at the defendant's hotel at all. But the plaintiffs insist that the goods were left in charge of the defendant, the other plaintiff, Edward M. Needles, being such guest, and the goods being lost, the action is properly brought in the names of the plaintiffs, as joint owners.

Numerous authorities are cited to show that an innkeeper is not liable as such, except to his guests; and it is not denied by the plaintiff, nor can it be denied, that the peculiar liability of an innkeeper is founded *in that relation*. But it by no means means follows that the action must be brought in the name of the *traveler*. The innkeeper's liability depends upon the relation between him and the *depositary*, but that liability being fixed by proof of the relation of host and guest, the right of action is not necessarily confined to the very *person* who lodges in the inn. If it were, then one who sends his servant on a journey could not maintain the action for his property in the possession of the servant, and lost at the inn where he lodged; and yet, that the master, in such case, can maintain the action, was, I presume, never doubted. The duty, in such case, devolved on the innkeeper, enures to the benefit of the master, and he

may have an action for its violation, as clearly as if he had visited the inn in his proper person.

The case relied upon by the defendant, of a horse stolen, and while in possession of the thief lost at the inn, where the thief lodged, does not conflict with this view. The thief was in no sense the agent or servant of the owner. His acts are, throughout, in repudiation of the owner's title, and the very presence of the horse at the inn is hostile to the claim, and *against* the will, of the owner. It would, therefore, be in the highest degree artificial, not to say a violation of good sense, to say that a duty assumed by the landlord towards the thief, enured to the benefit of the owner, who was in no manner consenting thereto.

But if it were otherwise doubtful, whether the master could have the action against the innkeeper for loss of goods brought to the inn by his servant, it is not so under the decisions in this state.

The decision in *Weed* v. *The Saratoga and Sch. R. R. Co.* 19 Wend. 544, by the principals against defendants, as carriers, for loss of money in possession of their clerk, was founded solely upon the ground that the action was assumpsit, and that the *contract* was single, and could not be divided so as to be treated as a contract with the clerk to carry his person safely, and a contract with his employers to carry their money safely. The plaintiffs having declared on a contract, were held to strict proof of the *contract*, and failed. But the whole case shows, that if the action had been *case* founded upon the defendants' duty as carriers, the plaintiffs might sustain the action.

And in *Piper* v. *Manny*, 21 Wend. 282, was an action brought by the master against the innkeeper, for loss of his goods brought to the inn by his servant, who lodged there—and leaves no doubt on this question. The servant was the guest, but the duty which was thereby devolved on the innkeeper, was due to the employer—the *owner* of the goods. And it may be remarked in passing, that this case also settled another point which is the subject of some observation in this case,

viz., that the defendant is bound by the acts of his clerk, in taking charge of the parcel which is the subject of this action.

If, then, the master can maintain the action on the custom for loss of his goods, when his servant is the defendant's *guest*, much more may the *firm* maintain the action when their goods are lost, where one of the firm is the guest of the defendant. In so far as he is not himself owner, he is the agent and *trustee* of his partner, and the duty owed by the innkeeper enures to the joint benefit.

I cannot doubt, therefore, that even at common law this action is well brought, in the joint name of the two partners, if the requisite facts are proved.

But even if this be not so by the common law, I see no room whatever to doubt the propriety of joining the partners under the provisions of the code.

Let it be assumed, that at common law, Edward M. Needles must sue in his own name, his suit would have been founded upon the defendant's duty to him as his host, but his recovery would have been in fact for the benefit of himself and his co-partner, John Needles, who was therefore interested in the subject matter of the suit, though not a party. The code now directs that all persons having an *interest* in the *subject of the action*, &c., may be joined as plaintiffs. The complaint in this case may then be read thus : Edward M. Needles alleges that *he* was guest of defendant; defendant, as innkeeper, received the goods in question; they were lost, and defendant, by the custom, &c., is liable to *him* for the value thereof. That John Needles and himself were the owners of the goods, and the value, when recovered, will belong to them jointly. He therefore joins John Needles with himself as plaintiff, he being interested in the amount sought to be recovered, (*i. e.*, the subject of the action,) and prays that the defendant may be adjudged to pay, &c.

If, at the common law, the defendant was only liable to Edward M. Needles severally, here is no change of the ground of liability, and no want of truth in describing the cause of action ; nor does it in any sense enlarge the defendant's liability.

Whatever be the *grounds* of defendant's *liability*, (whether a duty owed to one or both,) if John Needles is to share the recovery, he is properly made a plaintiff. The reasoning of the defendant's counsel would apply as well to an action on a bond. At common law, the *obligee only* could maintain the action. But, under the code, if the bond become co-partnership property, the obligee may join his co-partner with him as plaintiff.

And so far from regarding trover or replevin as the appropriate remedy, if the suit be brought by the two owners jointly, I deem it at least doubtful whether in a case like the present, either of those actions could have been sustained at all. See *Hallenbake* v. *Fisk*, 8 Wend. 547; *Packard* v *Green*, 4 Id. 618.

The only other question of law which it is material to notice is, whether innkeepers are liable for the *goods* of their guests, or only for wearing apparel and such articles as travelers are accustomed to carry under the denomination of baggage.

It may, perhaps, suffice to say, that no such limitation of the innkeeper's liability is to be found either in the elementary treatises or in the adjudged cases. The appellant's counsel argues rather that the law *ought* so to limit his liability than that it is so limited. The cases referred to by him (*Orange County Bank* v. *Brown*, 9 Wend. 85; *Pardee* v. *Drew*, 25 Id. 459; *Hawkins* v. *Hoffman*, 6 Hill, 587) were actions against defendants as carriers of passengers for loss of baggage; and it was held, that although by custom and courtesy it was now to be *implied* that payment of a passenger's fare embraced payment for the carriage of his "*baggage*," (which was formerly questioned,) yet that this implication did not extend to any thing except what might reasonably be so denominated. And therefore a large sum of money, or a trunk filled with goods, was not embraced so as to make the carrier liable therefor; such goods or money should be entered as *freight*, and paid for as such.

No such distinction exists in the case of the innkeeper (when no fraud is practised upon him.) He is liable for the

traveler's horses, his wagon, *and its contents*, whether produce, merchandise or whatever it may be; and he may charge reasonably for his care of whatever the traveler may bring with him. True, he is not bound to convert his inn into a warehouse. He is only bound to receive such persons and with such goods as his inn will conveniently accommodate. But for those which he does receive, he is responsible. (See Story on Bailts. § 478 to 481, and cases cited; *Piper* v. *Manny*, 21 Wend. 282; *Cole* v. *Godwin*, 19 Wend. 259.

I have no doubt that an innkeeper may refuse to receive packages of goods from third persons, and become responsible for their custody. But if he *do* receive them, for the accommodation of his customers or lodgers, I think he receives them in his character of innkeeper, and subject to the responsibilities belonging to that character.

See the remarks of Justice Story, in his Treatise on Bailments, § 536, in connection with § 487. He says of a common carrier who receives goods into his own warehouse with a view to their being carried, &c., if he receive them, &c., "so that the deposit is a mere accessory to the carriage, and for the purpose of facilitating it, his liability *as carrier* begins with the receipt of the goods," &c.

So here, if the receipt of packages left from time to time for his guests, is a mere accessory to defendant's business as an innkeeper, he is to be regarded as receiving the goods in that character. And in this case can there be any doubt of that fact? He kept a register for that very purpose, and received on the day this package was left, some 36 packages for his guests. (*Cairns* v. *Robins*, 8 Meeson & Welsby, 258.) Clearly, I think he does this to facilitate the *successful* conduct of his business as an *innkeeper*, and to secure or *retain patronage* as such; and when he has so *received* the goods left, he, by his own act, makes them a *part* of the goods or baggage of his *guest as such*, and it does not lie in his mouth to say he received them in another capacity, *i. e.*, as mere bailee or depositary, without hire or reward, for if he may, his liability is

reduced to that of a mere mandatory, and .liable for *gross* negligence or bad faith only. (11 Wend. 25.)

Upon the facts, the appellant insists as follows: That there was no evidence that Edward M. Needles was the defendant's guest; that there was no evidence of the plaintiff's joint interest in the goods; that there was no evidence of the contents or value of the package.

The plaintiffs gave evidence that the goods were purchased by John Needles & Son, and paid for. This was *prima facie* evidence that the goods so purchased were the property of John Needles, jointly with *his son*. They also proved that the *son* made the purchase in person, and directed the goods to be sent to the Irving House. The *son* was, therefore, in the city, *acting in the transaction*. Upon that direction the package was *addressed*, "E. M. Needles," and (according to the plaintiffs' evidence) delivered at the defendant's hotel; received by the defendant's agent, who, at the time of the delivery, looked at the address; read it aloud; said it is all right; and used some other like expression. We think these circumstances sufficient to be submitted to the jury upon the two questions, whether the son's name was Edward M. Needles, and whether he was a lodger at the inn at the time the package was left; especially as the answer of the defendant does not deny that the said Edward M. Needles was defendant's guest, but makes the issue on the *time when* he was such guest, *i. e.*, he says he has no information whether plaintiffs, or any of them, were boarding at the Irving House "at the *particular time* when," &c. And as there was no contradictory evidence on these two questions, we cannot say that the verdict is against evidence, nor that the charge of the justice was, in this respect, unfair or improper.

Upon the question of delivery or non-delivery at the defendant's hotel, the evidence was contradictory; in such cases this court on appeal does not interfere with a verdict, unless very clearly against the weight of evidence. Here the affirmative testimony of the porter was properly deemed of greater weight than the negative evidence offered by the de-

fendant, and the judge committed no error in so instructing the jury.

As to proof of the contents of the package, although the chain of testimony was not complete, circumstances were shown *tending* directly to establish the contents, and from which the jury, we think, were justified in making the inference, that the goods bought of Jaffray & Sons, were the same delivered to defendant. The proof on that point stands thus: On the 18th May, the plaintiff bought laces from Jaffray & Sons, and directed them to be sent to the Irving House. A package was thereupon made up and addressed to the purchaser at the Irving House, and delivered there on the 18th May. On the 20th May the plaintiffs call at J. R. Jaffray & Sons', and pay for the laces purchased.

These facts, arising in the usual course of business, in the absence of any proof or suspicion of fraud, or any proof or intimation that the plaintiffs ever made any other purchase from Jaffrays, though slight, are of such a character that we cannot say the jury were not warranted in finding that the goods purchased and the goods delivered were the same.

As to the *value* of the goods, the justice did, undoubtedly, commit an error in his charge. He charged, that " the proper measure of damage is the cost of the article." The *cost* of the goods was not the proper rule of damages, and the jury should have been instructed to find the *value* of the goods. If any injustice has resulted from this error we must reverse the judgment, but otherwise not, for by the Code, § 366, we are to give judgment according to the justice of the case, and if we can see that the verdict must have been the same had the error not been committed, we must affirm the judgment.

The plaintiffs had been permitted to prove the price at which the goods were purchased by them, *without objection ;* such a purchase, though by no means conclusive, is, when admitted, some evidence of value, (although it may be *incompetent* when objected to,) and therefore, in the absence of any other proof, would sustain a verdict for the amount. But be this as it may, the defendant has not, by his answer, put the *value* of the goods

in issue.   He has denied that the goods were purchased from Jaffray & Sons, and denied that they were delivered at his hotel, but he in no manner denies their value.

Although the justice may have given a charge which seems to defendant to have tended to prejudice his case before the jury, and to have made unfair comments upon the evidence, and although his presenting one of the witnesses in the attitude of a perjurer, if not credited by the jury, may have been improper, these are only considerations proper to be considered by the court on *motion* for new trial, and are not conclusive.   The court is always at liberty to examine and say whether justice has been done; much more on appeals from justice's courts; and regarding the matter in that light, I feel bound to say upon the whole case that the judgment must be affirmed.

INGRAHAM, FIRST J., (dissenting.)—There are two questions in this case, upon which I am inclined to decide in favor of the defendant.

*First.* That an innkeeper, as such, is not liable for the goods of third persons in the possession of a guest or traveler, while stopping at the inn.

Clearly, the innkeeper could have no lien on the goods of a third person in possession of a traveler, unless such traveler could be treated as the servant of the real owner.   He might have a lien on such goods if he had no notice of the ownership.   (3 Stark. 172.)   Perhaps, in this case, one of the plaintiffs being part owner and partner of the other, may be called the servant of the other plaintiff, as to the remaining half, and if so, the liability might exist.   But,

*Secondly.* Goods delivered by a stranger to a clerk of an innkeeper, to be delivered by him to the guest, are not within that class for which the innkeeper is liable on the custom. He may be liable, as a bailee, for gross negligence.   To make him liable as innkeeper, it must appear that he keeps an inn, that plaintiff is his guest, that he brought the goods to the inn,

and that they have been stolen or lost.    In this case the goods never came to the plaintiff's possession; they were no part of his property as a traveler, and the whole structure upon which the innkeeper's liability rests falls to the ground, if it be held that an innkeeper, as such, is liable for packages left at the bar of the inn to be delivered to the guest.    (8 Cow. R. 65, 32.)

The rule is founded on the supposed necessity of taking in a traveler to lodge for the night, or to obtain his meals, with his baggage and property that he has with him on his journey, and while so eating or lodging, that he and his property are to be protected from loss or robbery by persons at the inn.

A package left to be delivered to a lodger, constitutes simply a bailment, and the rule of liability is very different from that in the case of an innkeeper's liability for the goods of a guest.

Judgment affirmed.