# CASES

## ARGUED AND DETERMINED

IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

JANUARY TERM, 1868, AT JEFFERSON CITY.

———•◦•———

STATE OF MISSOURI, Appellant, *v.* MINOR NEAL, Respondent.

1. *Constitution — Voters — Oaths.* — The case of The State of Missouri v. Cummings, decided in the Supreme Court of the United States, applies to all cases where the right to exercise any trade, calling, or profession, without taking the oath prescribed by the new constitution of Missouri, has been questioned, but not to the case of a voter. (Blair v. Ridgley, 41 Mo. 63, affirmed.)
2. *State Convention — Powers.* — The framers of the new constitution had the authority to declare it in full force without making provision to submit it to the voters of the State; and their power to prescribe the means by which it was thought best to ascertain the sense of the qualified voters of the State upon that instrument, cannot be seriously questioned. The ordinance had in itself every element necessary to give it legal force and effect, and was, therefore, binding upon the voter.
3. *Indictments — Sufficiency.* — In an action for perjury, for falsely taking a certain prescribed oath, where a part only of the oath was falsely taken, the indictment need not set out the whole, but may set out merely that portion of the oath taken which contained the falsehood.

### *Appeal from Cooper Circuit Court.*

Respondent was indicted, in the Cooper Circuit Court, for perjury, under § 6, art. 13, of the constitution. The indictment, in substance, charges that the people of Missouri, in convention assembled, on the 8th day of April, 1865, adopted a revised and

amended constitution of the State, and, for the purpose of ascertaining the sense of the people in regard to the adoption or rejection thereof, required that the same should be submitted to the qualified voters of the State at an election to be held on the sixth day of June, 1865, and that no person should be allowed to vote who would not be a qualified voter according to the terms of the second article thereof; that in pursuance thereof an election was held at the Otterville election precinct, in Cooper county, for the purpose of ascertaining the sense of the people in regard to the adoption or rejection of the constitution; that Wm. R. Dempsey, H. A. Johnson, and C. F. Hardwick, were the judges of the election, duly appointed and qualified as such; and that at said election, and before said judges, the respondent appeared and offered his vote; and that, in order thereto and before his vote was given, he was duly sworn and took his corporal oath before said judges; and that he, the respondent, not regarding the laws of the State, did then and there, falsely, willfully, corruptly, and feloniously, say, depose, and swear, touching his right to vote at said election, in substance, among other things, that he had never directly or indirectly done any of the acts mentioned in the third section of the second article of the constitution of the State of Missouri, adopted on the 6th day of January, 1865; that he had always been truly and loyally on the side of the United States against all enemies thereof, foreign and domestic: whereas, in truth and in fact, he had not always been truly and loyally on the side of the United States against all enemies thereof, foreign and domestic, but did, on or about the 20th day of the month of August, 1861, in the county of Cooper, give aid and comfort to the then existing rebellion, by furnishing one Augustus Zollinger with twenty dollars in lawful money, and twenty yards of jeans, and otherwise supplying him, the said Augustus Zollinger, with means for the purpose of enabling him to enlist in the armies of the rebellion.

Respondent assigned for causes of demurrer, with several others, the following: 1. Section 3, Art. II, of the constitution, is a bill of attainder. 2. Section 3, Art. II, is an *ex post facto* law, within the meaning of the constitution of the United States.

3. The indictment fails to charge defendant with the taking of any oath prescribed by law. 4. The indictment does not allege the time and place when and where the supposed offense was committed, nor the time and place when and where the acts prohibited by the third section of said constitution, and alleged to have been committed, were done or committed.

*R. F. Wingate*, Attorney-General, for appellant.

I. The indictment is sufficiently certain and explicit in alleging an offense under, and punishable by, the laws of the State. (See Constitution of Missouri, art. 6, § 13 ; also, §§ 1, 2, and 4, chap. 203, Gen. Stat. Mo. 1865 ; Wharton's Precedents of Indictment, p. 590.)

*Draffin, Hutchison & Muir*, for respondent.

I. It is alleged in the indictment that the oath taken by defendant was taken on the 6th day of June, 1865, at which time there is no pretense that the new constitution had been adopted by the people of this State ; and before its ratification or adoption no criminal prosecution could have been begun for any violation of its provisions. A person then taking the oath in violation of its terms, before its adoption, would, in legal contemplation, be guilty or innocent of the crime of perjury, dependent upon the contingent future event of the adoption or rejection of said instrument— a theory which can rest on no legal principle. The fact, when committed, is either innocent or criminal, and cannot derive any quality of criminality from the happening or not happening of any future event.

II. The disabilities contained in said third section, and called qualifications, are really penalties. (State of Missouri v. Cummings, 4 Wall. 277.) The case then before the court was against Cummings, who was a minister of the gospel ; but the court could not have pronounced said section void, as being a bill of attainder or an *ex post facto* law, because Cummings was a preacher. That question depended upon the nature and quality of the terms and provisions of the act itself. (See, also, State of Missouri v. Murphy, 41 Mo. 339.) The prohibition against the

exercise of such power by the State is unqualified and absolute. No exception is made in favor of or against this individual or that; nor in favor of or against this class of individuals or that.

III. The indictment fails to charge defendant with the taking of any oath prescribed or required by law. Although the third section is recited in the indictment, yet nowhere in it is there any language employed charging the fact to be that said third section, or any part of it, was embodied in the oath taken by defendant. The words ought to be set out exactly as sworn. An innuendo may elucidate what is already averred, but cannot add to or enlarge or alter its sense. (See Chit. Crim. L. vol. 2, p. 310.)

FAGG, Judge, delivered the opinion of the court.

This was a prosecution instituted against the respondent, in the Circuit Court for Cooper county, under the provisions of an ordinance adopted by the constitutional convention of the State on the 8th day of April, 1865. That ordinance was adopted simultaneously with the constitution framed by that body, and contained the provisions that were deemed necessary and proper for putting that instrument in force.

There was a demurrer to the indictment, which was sustained, and judgment given for the respondent. This judgment was affirmed upon an appeal taken to the proper district court, and the case is now brought here by appeal on the part of the State. All of the questions in the case therefore arise upon the demurrer.

The first two causes of demurrer contain the allegation that the third section of the second article of the constitution of this State is a bill of attainder and an *ex post facto* law, within the meaning of the constitution of the United States, and that it is therefore void and of no effect.

The case of The State v. Cummings, decided by the Supreme Court of the United States, is relied upon as an authority broad enough to cover every class of cases to which that section was intended by the convention to apply.

It is sufficient to say that the authority of that decision has been fully recognized and acted upon by this court in all cases where the right to exercise any trade, calling, or profession, with-

State of Missouri v. Neal.

out taking the prescribed oath, has been questioned. A distinction, however, was drawn by a majority of this court between cases of that character and the case of a voter.

The reasons for that distinction were very fully stated in the case of Blair v. Ridgley, 41 Mo. 63, and need not be repeated here. There has been no interpretation of the section in question by the Supreme Court of the United States since the last decision referred to, and we are unable to find any reason in the present case to change our views of the law. Aside from the general causes of demurrer assigned, there are several of a specific character, all of which go to the sufficiency of the facts averred, as well as to the existence of any law creating and defining the offense as charged in the indictment. The convention might (if it had been deemed proper to do so) have declared the constitution framed by it in full force and effect without making provision for its submission to the voters of the State.

As the representatives of the people, clothed with an authority so ample as that, certainly its power to prescribe the means by which it was thought best to ascertain the sense of the qualified voters of the State upon that instrument cannot be seriously questioned. The ordinance had in itself every element necessary to give it legal force and effect, and was therefore binding upon the voter. It is no objection to it that the terms of the oath required were not all contained in the ordinance itself. They were referred to in such manner as to indicate most clearly what was required of the voter, and it is not possible that he could have been misled or deceived in any way. The offense created by this ordinance is not the doing of any of the acts enumerated in the section of the constitution to which it refers. It consists simply in falsely taking the prescribed oath. If the oath should be false as to any one of the acts enumerated in the third section of the second article, then the offense would be complete, and the party, upon conviction, should be adjudged guilty of perjury, and punished therefor in the manner prescribed by law.

This provision has reference solely to the manner and extent of the punishment as now fixed by law for the crime, as defined by statute, and to nothing else. It is a separate and distinct offense,

made so by the ordinance. We find nothing in the objections to the indictment on the ground of the want of certainty. The time, place, and persons before whom the oath was charged to have been taken, as well as its materiality, seem to have been set out with sufficient certainty for all the purposes required by law. The respondent was apprised, with sufficient particularity, of the precise acts which constituted his oath a false one and identified the exact charge preferred against him.

It is insisted, on the part of the respondent, that the entire oath should have been set out in the indictment. The necessity for this is not perceived. The oath embraced several things necessary to constitute a qualified voter.

It might be true that a person applying to vote under the provisions of the ordinance could safely take one part of the oath and not another. A part might be true and a part false. In such case, if the whole should be taken, the crime would consist alone in taking so much as was untrue, and it would only be necessary to set out so much as embraced the falsehood.

The case of Campbell v. The People, 8 Wend. 636, is, in all of its material features, similar to the one at bar. The judge, in delivering the opinion of the court, and upon this very point, uses the following language : "It cannot be necessary to set out the whole of the oath. Such parts of it as are alleged to have been false, and are material in the given case, are all that it can be requisite to state." And so we think in this case. The principles of criminal pleading require no more than was done.

The judgment of the District Court must be reversed and the cause remanded to the Circuit Court. The other judges concur.