JOHN MOBLEY *v.* THE STATE OF MISSISSIPPI.

1. CIRCUIT COURT — AMENDMENT OF MINUTES. — It is competent for the circuit court, at the same term at which a criminal case is tried, when a motion is made after verdict to arrest judgment, because of the omission of the record of the proceedings to show certain essentials on the trial, to cause the minutes of that term to be corrected so as to show what then actually occurred.

2. OFFICER DE FACTO — ACTING DEPUTY CLERK MAY LAWFULLY SWEAR JURORS AND WITNESSES. — The fact that jurors and witnesses in a criminal case were sworn by one acting at that term of the court as a deputy clerk, but not appointed regularly nor sworn, is not ground for a new trial. It is within art. 194, p. 138, Code of 1857.

3. INDICTMENT FOR RAPE — IMMATERIAL AVERMENT WHICH NEED NOT BE PROVED. — If an indictment for rape avers that the person injured was a female over ten years of age, it need not be proved, for it is not an ingredient in the offense. Otherwise in an indictment for violating a person under ten years of age.

ERROR to the circuit court of Lee county.    BOONE, J.

*Green & Pickens*, for plaintiff in error.

The record does not show that the plaintiff in error was arraigned before his trial, but that, upon the motion of the district attorney, after his trial, the court permitted the minutes of the court to be so amended as to show that fact.

The arraignment must appear in the record at the time of the trial and the trial could not proceed without the record showing an arraignment. Rev. Code, 1857, p. 620, art. 293. The record must show that the defendant was in court during the whole of his trial. In this case it nowhere shows that he was there at all. Dyson v. the State, 26 Miss. 362; Scaggs v. the State, 8 Smedes & Marsh. 722; ib. 576, 587.

There is a recital in the record, it is true, containing the verdict of the jury, that, upon a previous day of the term, the jury had been "elected, impaneled, sworn and charged." But this is not sufficient, and this entry was made on motion of the district attorney after the trial.  Scaggs v. the State, 8 Smedes & Marsh. 722.

The indictment charges that the rape was attempted on Martha McNutt, a person over the age of "ten years." The defendant asked the court to charge the jury that it devolved on the state to prove that she was over ten years of age, which was, by the court, refused.  We insist that this is error.  Rev. Code of 1857, p. 608, art. 218.

The age is material and distinguishes the crime of casual knowledge from that of forcible ravishment, but, if immaterial, it is not of that class of immaterial averments which can be rejected and treated as surplusage.  30 Miss. 631; 24 ib. 569 ; Archb. Cr. Pr. and Pl. 39, 101 ; 1 Phill. Ev. 500 ; 2 Starkie, 1531.

The jurors and witnesses were not sworn.  It is insisted that this defect is cured by art. 194, p. 138 of the Code of 1857.  This article clearly has application alone to the principal officer elected or appointed, and not to an outsider or stranger.  The record must show that the indictment was returned into open court, and in the presence of at least twelve of the grand jurors who found it.  Rev. Code, p. 615, art. 257 ; 30 Miss. 408.

*J. S. Morris*, Attorney-General.

1. The record sufficiently shows the presence of the accused in court at the trial.  And it shows, also, that the prisoner was arraigned, and pleaded to the indictment, all in due form.  It also distinctly appears, both in the entry in the minutes and in the affidavits filed by the prisoner (of himself and of his witness, Tendall), that the jury were sworn. The fact that "the deputy clerk acting at that term" of the court was not regularly appointed or qualified is wholly immaterial.  The acts of a *dé facto* officer are always good

as to third parties, and, *a fortiori*, those of a deputy are valid. But in this case the ceremony of administering the oath to the jury might properly have been performed by any person, because done immediately in the presence, and under the eye and sanction, of the court itself.

The instruction, the refusal of which is excepted to, was certainly wrong. The age of the injured female is wholly immaterial, the penalty being exactly the same whether under or over the age of ten years. Rev. Code of 1857, 608. But the fact that her age was above ten years was, probably, as patent to the jury at the trial, when she appeared and gave her testimony, as was her sex.

And if all this be true, it follows that the conviction was proper and right, and that, therefore, the motion for a new trial was properly refused. The court had a perfect and undoubted right, at any time during the term, to correct its minutes so as to make them conform to the facts, and that, too, without submitting itself to any very rigorous "cross-examination" by the counsel for the plaintiff in error.

TARBELL, J.:

The plaintiff in error, having been indicted by the grand jury of the county, charging him with an attempt "to commit a rape upon the person of Martha McNutt, a female over the age of ten years," was tried and convicted. There was a motion for a new trial and in arrest of judgment, both of which were overruled. The indictment was presented at the December term, 1870, and the trial was had in April, 1871. Having brought the case to this court, the following errors are assigned: 1st. The record does not show that the plaintiff in error was arraigned before his trial; 2d. The record does not show that the defendant was in court during the whole of his trial; 3d. The action of the court in refusing defendant's fourth charge; 4th. The record does not show that the jurors and witnesses were sworn; 5th. The record does not show that the indictment was returned into

court in the presence of twelve of the grand jurors who found it; 6th. The overruling the motion for a new trial.

As to the record, the objections thereto are not well taken, provided the corrections made by the court in its minutes were legal and proper. Reading these, as made, it is shown that the plaintiff in error was arraigned before trial; that he was in court during the whole of his trial; that he was confronted by the witnesses against him; and, that the indictment was returned into court, as required by the Code. The points involved were made in the court below on the motion in arrest of judgment, and are presented here by the first, second and fifth assignments of error. It appears that the court, during the same term, but subsequent to the trial, amended or corrected its minutes with reference to this cause. This we understand counsel to object to as unauthorized and void, which explains, we presume, the broad language of the fourth assignment. Of the entire control of the court over its minutes during the term, there is no question. Until the adjournment in course, corrections are not only within the authority but duty of the court, in accordance with the facts, amenable, of course, to the appropriate tribunals for the purity and fidelity of its acts. Upon this branch of the case, it is sufficient to say, that the recitals in the record are ample; but the exceptions thereto are made to depend upon the power of the court to correct its minutes. This being upheld, the objections are unavailing.

The sixth assignment presents for review the questions raised by the motion for a new trial, which were these; 1st. That the jurors and witnesses in said cause were sworn by E. L. Hawkins, who was neither the clerk nor the deputy clerk of the court, and was unauthorized to administer such oaths; 2d. The refusal of the court to give the instruction to the jury, asked by the accused.

In support of the first point the affidavit of the accused and of E. L. Hawkins are given in the record. The accused states that "the jury who tried him nor the witnesses who testified in his cause, were sworn as the law directs, in this,

that the oath was administered to said witnesses and jurors by one E. L. Hawkins, who was neither the clerk of the court nor the deputy thereof, but merely assuming to act as such, and that this fact came to his knowledge since the trial of the cause." Mr. Hawkins says, "he swore the witnesses who gave testimony in the case of the State v. John Mobley, and also the jurors who tried him, * * * and that he had never been sworn as deputy clerk, and that there is no record or entry of his appointment; that he was not appointed with the approbation of the court or judge in open court, as appears from the minutes of said court; but that he was acting as deputy clerk of the circuit court at the present term thereof." These affidavits in aid of the application for a new trial bring this point within art. 194, Code, 138.

"The oath," says Wharton, "must be solemnly administered; but it is immaterial in what form it is given, if the party, at the time, professes such form to be binding on his conscience." Am. Cr. Law, § 2205. It is not necessary to prove the appointment of the officer who administered the oath, it being only requisite to prove that he performed the duties of a certain office, without showing his appointment. * * * Ib., § 2272. In an indictment for perjury, the oath said to be false was charged to have been administered in the circuit court by the deputy clerk; it was held, that no proof of the appointment of the deputy clerk was necessary; that, in administering the oath the deputy clerk acted under the superintendence of the court; and that the oath was as obligatory as if it had been administered by one of the judges. Server v. the State, 2 Blackf. 35. Campbell v. the People, 8 Wend. 636, was an indictment for perjury, and the averment that the oath was administered before, instead of by, a certain tribunal, was held sufficient. The court, in the State v. Norris, 9 N. H. 96, say: "The term 'corporal oath' must be considered as applying to any bodily assent to the oath of the witness." The authorities teach that the solemn administration and bodily assent, rather

than the form in which the oath is taken, are the essential qualities of binding effect, whether by placing the hand upon the Gospel, or by the hand uplifted ; and by analogy we presume an oath of a juror or witness would be equally binding if recited by himself, or by a reader employed by the court. In the latter case it being the act of the court and not of the reader (2 Bish. Cr. Pr., § 852), the oath being also solemnly administered and assented to by the juror or witness, as binding.

In this connection the fourth assignment of error, averring that "the record does not show that the jurors and witnesses were sworn," may be considered. We suppose this assignment refers to the point made on the motion for a new trial, and if so, it is already sufficiently answered. But, as a matter of fact, the record recites : 1st. That a jury of good and lawful men were duly "elected, impaneled, tried, sworn and charged ;" 2d. The bill of exceptions, prepared by the accused, states substantially that the witnesses were sworn ; 3d. The accused and the acting clerk during the trial, testify that the jurors and witnesses were sworn. No objection was taken upon the trial to the person who administered or the mode of administering the oath until after the testimony was closed. Upon the facts in this case, no one can be heard to say the jurors and witnesses were not properly and legally sworn. They were sworn, in fact, virtually by the court, and we may presume, in the usual solemn manner, formally accepted by jurors and witnesses ; and that oath, as administered, was binding in conscience and in law.

The alleged errors are not sustained by the authorities upon the facts before us. In Scaggs v. the State, 8 Smedes & Marsh. 722, the record was wholly defective with reference to the presence of the prisoner in court during the trial. The only evidence of his presence at all was contained in a bill of exceptions, where he is stated to have asked some questions of a witness ; but for all that appears in the record, these might have been propounded in writing, from

the jail or other place outside the court room.   In Mc Quillen v. the State, 8 Smedes & Marsh. 587, the plea of the defendant was filed by attorney, and the record of the court at the term when the plea was filed did not show an arraignment of the accused.   At the next term the clerk made an entry in the record in these words : "And the said defendant, having been arraigned at the last term of this court, pleaded not guilty :"   *Held*, that the clerk could not in this way, at a subsequent term, cure a defect of a previous term. The consequence was that it did not legally appear that the accused was ever arraigned.   The only point in Dyson v. the State, 26 Miss. 363, of interest in the case at bar is that upon the usual entry in records ; "and thereupon came a jury of good and lawful men, to wit," etc., "who being elected, tried and sworn," etc., it will be presumed that a formal and sufficient oath was administered.   The entry in the case at bar is this: "Thereupon came a jury of good and lawful men, to wit, J. M. Hoyte and eleven others, who being elected, impaneled, tried, sworn, and charged, well and truly to try the issue joined," etc.   Some of the precedents of records are thus : "Who being elected, tried and sworn to speak the truth of and concerning the premises" (Blackstone) ; "who being elected, tried and sworn the truth of and upon the premises to speak" (Robinson) ; "who are sworn to say the truth in the premises" (Harris) ; wherefore we conclude a legal and sufficient oath was in fact administered in this instance.

This branch of the case at bar is this : A court of competent jurisdiction ; a person acting as clerk, and not known to be otherwise until after the conclusion of the trial ; oaths to jurors and witnesses solemnly administered and bodily assented to, binding and legal, alike under art. 194, Code, 138, with reference to *de facto* officers, and upon general principles ; oaths to jurors and witnesses in trials being under the superintendence of, and virtually administered by the court, excepting, of course, affidavits and like oaths which the clerk is particularly authorized by statute to

administer in special cases.  The case made by the facts is simple and without difficulty.  Beyond the case thus made, we state no rule, further than to remark that the rights of parties are best subserved by a strict adherence to the requirements of law, in all judicial proceedings, and their enforcement through the regularly constituted and sworn officials for the purpose.  A disorderly, irregular and loose practice in judicial, especially in criminal, proceedings, is not to be encouraged.

The only remaining question to be considered is presented by the instruction asked for the accused, but refused by the court, viz. : ''The state having averred in the indictment that Martha McNutt, the person upon whom the indictment charges the rape to have been committed, to be over the age of ten years, it is necessary that said averment should be proved, and, if not proved, the jury must find for the defendant.''  The theory of this instruction is untenable. Our view of this branch of the case may be briefly stated. The crime of rape is a common law, not a statutory offense, while the reverse is the case as to the abuse of children of tender years.  As rape may be committed upon a female of any age, the averment that the injured person is ''over the age of ten years'' is unnecessary, and not being a constituent of the crime, need not be contained in the indictment, or, if inserted, need not be proved, as the offense is complete without these words.  On the contrary, in a prosecution for the violation of a child under ten, the age is material, and must be averred and proved to be within the period prescribed by law.  The Code of Miss., art. 218, p. 608, corresponds almost literally with the statutes of several of the states on the same subject, and, in fact, all are substantially the same, following closely the laws of Great Britain with reference to this crime.  Neither in the latter country, nor in any of the United States, is it required in an indictment for rape to aver the age of the female to be over ten years, nor, on the other hand, that the accused is over fourteen.  These points have been directly adjudicated

in numerous cases. Archb. Cr. Pr. and Pl. ; Russ. on Cr. ; Am. Cr. Law ; Bish. Cr. Pr., title Rape ; State v. Farmer, 4 Ired. 224 ; Com. v. Lugland, 4 Gray, 7 ; Goughman v. the People, 3 Park. Cr. 15 ; Williams v. the State, 8 Humph. 585 ; Com. v. Scannal, 11 Cush. 547 ; State v. Terry, 3 Dev. 152.

The court in Camp v. the State, 3 Kelly, 417, following the common-law definition, defines rape to be "the carnal knowledge of a female, forcibly and against her will." Burr. Law. Dic. citing 4 Bl. Com. 210 ; 1 Russ. on Crimes, 675. Whart. Am. Cr. Law, §§ 1124, 1156, defines this crime in these words : " The violation or carnal knowledge of a woman forcibly and against her will." As already stated, a woman of any age may be the subject of this crime. If the female be under ten, this fact might be a defense upon the trial under an indictment for the substantive offense, but in the latter case, as we have before shown, the prosecution need neither aver nor prove the age. Proof of the carnal knowledge of a female, forcibly and against her will, sustains the charge, and hence the age, even if averred, need not be proved (Swinney v. the State, 8 Smedes and Marsh. 576), because not an ingredient of the crime.

This case is unlike those where an unnecessary averment becomes material, as a description of the person of the accused, the place, or locality of the crime, or the property stolen, as in Dick v. the State, 30 Miss. 631 ; John v. the State, 24 ib. 569, and the cases therein cited, from which the one at bar is wholly distinguishable. In cases like those, the unnecessary averment having become material, it must be sustained by proof, though in such cases slight proof of those averments is sufficient, while in the case at bar, the age is in no way material, or in any way identified with the crime. In State v. Anderson, 19 Mo. 241, which was the trial of a negro upon an indictment for an attempt to ravish a white female, the jury were permitted to find the color and race of the accused, and the sex of the prosecutrix from seeing these parties on the trial, and proof that the accused was a slave ;

and this was sustained on error, but the rule therein adopted need not be invoked in the case at bar, even if approved.

*The judgment is affirmed.*