GREER *v.* THE STATE.

CRIMINAL LAW.—*Indictment.*—*Assault and Battery with Intent.*—An indictment for an assault and battery with intent, etc., must use, in describing the crime intended, the word "unlawfully," or some equivalent word. The use of the word "feloniously" is sufficient.

SAME.—An indictment containing a valid charge of an assault and battery, and a bad charge of an intent to commit a crime, is good, on a motion to quash. .

SAME.—*Practice.*—*Error.*—Where a defendant is found guilty under such an indictment, if no motion is made in arrest of judgment, and it is not assigned for error that the indictment is not sufficient to sustain the judgment, or proper exception is not taken to the judgment, the objection to the indictment is not presented for review.

SAME.—*Statute Construed.*—*Rape.*—The statute defining and prescribing punishment for rape enumerates two classes of facts, each of which constitutes a rape; first, it is a rape to unlawfully have carnal knowledge of a woman against her will; second, it is a rape to unlawfully have carnal knowledge of a female child under twelve years of age.

SAME.—All females of the human species over twelve years of age are to be deemed women, within the meaning of the first clause of the statute defining rape.

SAME.—A charge of a rape of one class cannot be sustained by proof of a rape of the other class; nor can a charge of assault and battery with intent to commit a rape of one class be sustained by evidence of an assault and battery with intent to commit a rape of the other class.

From the Marion Criminal Circuit Court.

*J. C. Pearson* and *J. S. Campbell,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

WORDEN, J.—An indictment was found against the appellant, charging that he, "on the 19th day of January, A. D. 1875, at the county of Marion, and State of Indiana, did then and there, in a rude, insolent, and angry manner, unlawfully

touch and assault one Mary E. Clayes, a woman, with the intent then and there the said Mary E. Clayes, forcibly and against the will of said Mary E. Clayes, to ravish and carnally know, contrary," etc.

Motion to quash overruled, and exception.

Trial by jury, conviction, and judgment that defendant pay a fine of one hundred dollars, and be imprisoned for the term of two years in the state prison.

The overruling of the motion to quash is assigned for error. It will be seen that, in describing the crime which the defendant is charged with having intended to commit, viz., the rape, the pleader has not used the word " unlawfully," which enters into the statutory description of that offence. No equivalent word is used. Had the word " feloniously " been used in describing the intended rape, that would, doubtless, have been sufficient, as an act could not be felonious without being unlawful. *Weinzorpflin* v. *The State,* 7 Blackf. 186 ; *Sloan* v. *The State,* 42 Ind. 570. It would seem, therefore, that the indictment is not good for anything more than a simple assault and battery. But the motion to quash was correctly overruled, because the indictment contained a valid charge of assault and battery, and the intent charged, though nugatory, does not vitiate that which is correctly charged. The motion to quash appears to have been addressed to the whole indictment, and not to that part merely charging the intent.

There was no motion in arrest of judgment, nor is it assigned for error that the indictment is not sufficient to sustain the judgment. There was no exception taken to the judgment as rendered. The objection to the indictment is in no way so presented to this court as to make it available to the appellant.

We proceed to the consideration of other questions arising in the cause.

It appeared on the trial of the cause that the person charged to have been assaulted by the defendant was a female child, between eleven and twelve years of age at the time of the

assault.    The court gave, as applicable to the case, the following charge, to which the defendant excepted, viz. :

" You.will observe that if a person has carnal knowledge of a woman child, under the age of. twelve years, he is guilty of rape, whether the carnal knowledge was with or without the consent of the child ; for the law presumes that a child under the age of twelve years is not capable of consenting to intercourse, so that a man having connection with her is guilty of rape, whether it was with her. consent or not."

The jury must have understood from this charge that if the defendant perpetrated the assault and battery upon the child, she being under the age of twelve years, with intent to have carnal connection with her, he might be convicted of the offence charged, without regard to the question whether he intended to have such connection with or without her consent.

The charge may have been correct as an abstract proposition, but it was clearly wrong as applied to the charge contained in the indictment.    The indictment charges that Mary E. Clayes, the person charged to have been assaulted, was a woman, and that the defendant intended to carnally know her forcibly and against her will.    The statute defining and providing punishment for rape provides, that " every person who shall unlawfully have carnal knowledge of a woman against her will, or of a woman child under twelve years of age, shall be deemed guilty of a rape," etc.    2 G. & H. 440, sec. 14. This statute, it will be seen, enumerates two classes of facts, each of which constitutes a rape.    First, it is a rape to unlawfully have carnal knowledge of a woman against her will.    We take it that all females of the human species over twelve years of age are to be deemed women within the meaning of the first clause of the statute.    Second, it is a rape to unlawfully have carnal knowledge of a woman child under twelve years of age.    In the second case, it is immaterial whether the child consent or not, for if she consent, the act constitutes a rape nevertheless.    But the prosecutor cannot charge a rape of the one class, and sustain the charge by proof of a rape of the

other class. Nor can he charge an assault and battery with intent to commit a rape of the one class, and sustain the charge by evidence of an intent to commit a rape of the other class. The variance between the allegations and the proof is fatal. This is established by the following, among other authorities that might be cited: 1 Whart. Crim. Law, sec. 611 ; 1 Bish. Crim. Prac., secs. 485, 886 ; *Turley* v. *The State,* 3 Humph. 323 ; *Hooker* v. *The State,* 4 Ohio, 348 ; *The State* v. *Noble,* 15 Me. 476 ; *State* v. *Jackson,* 30 Me. 29 ; *Dick* v. *The State,* 30 Miss. 631.

There need be no trouble in cases of this kind, as, if there is any doubt about the age of the person assaulted or ravished, the offence can be charged both ways in different counts.

A motion for a new trial was properly made, and should have been sustained.

There are some other questions made in the cause, but as we suppose they will not be likely to again arise upon the trial of the defendant upon this indictment, we pass them over.

The judgment below is reversed, and the cause remanded for a new trial. The clerk will give the proper notice for the return of the prisoner.