# Vasser *v.* The State.

## *Indictment for Rape.*

1. *Rape, and carnal knowledge of female under ten years of age; variance.*—
Rape (Rev. Code, § 3661), and having carnal knowledge of a female under ten
years of age (§3663), though kindred offenses, and punished in the same man-
ner, are not identical; and although a rape may be committed on a female
under ten years of age, the offender can not be indicted for it as a rape under
the former statute, and convicted under the latter.

FROM the Circuit Court of Limestone.

Tried before the Hon. W. B. WOOD.

The defendant in this case was indicted in the Circuit Court
of Madison, and the trial was removed on his application to
Limestone. The indictment contained but a single count,
which charged that the defendant, Benjamin Vasser, "forci-
bly ravished Rodah Aires, a female." The opinion states all
the material facts.

Neither the docket nor the transcript shows who appeared
as counsel for the prisoner in this court; and there is no
brief on file.

JNO. W. A. SANFORD, Attorney-General, for the State.

MANNING, J.—By section 3661 of the Revised Code, "any
person who is guilty of the crime of rape must, on conviction,
be punished, at the discretion of the jury, either by death,
or by imprisonment in the penitentiary for life, or by hard
labor for the county for life." According to section 3663,
"any person who has carnal knowledge of any female under
the age of ten years, or abuses such female in the attempt to
have carnal knowledge of her, must, on conviction, be pun-
ished, at the discretion of the jury, either by death, or by
imprisonment in the penitentiary for life, or by hard labor
for the county for life."

Although the offenses denounced in these sections are pun-
ishable in the same manner, they are not identical; and ac-
cordingly a different form of indictment is prescribed for
each.—Rev. Code, 808-09, No. 7 and No. 8. A man who is
indicted for rape, is warned thereby that he is prosecuted
for a crime against a woman, done by force, and without her
consent. If the act which is a necessary constituent of the

crime has been committed, his acquittal depends on the failure to prove to the satisfaction of the jury that it was done by force, or without the consent of the woman. This is the point upon which he must make his defense. He is not notified that it behooves him to be prepared to controvert any other testimony than that which is to prove that the act was done, and done under those circumstances. An indictment under section 3663, on the contrary, does not charge that the offense imputed to the accused was done by force, or without the consent of the female. Evidence that it was, would not avail to acquit him. His acquittal must depend, either upon the failure to convince the jury that the act was done by him, or the failure to convince them that the female was under ten years of age—one or the other. The defendant is thus enabled, as the law intends he shall be, to prepare to meet the evidence upon the charge against him, with the proper counter evidence to vindicate him, if he be innocent.

The appellant in this cause was indicted under section 3661, for rape, a different offense from that defined in section 3663. It was against the charge made in that indictment, he was notified to make his defense, and for which he endeavored to be ready. The trial was begun upon an agreement by the State's counsel, that defendant's affidavit of what certain absent witnesses would prove, if present, should be received as their testimony in his behalf; testimony which, if believed by the jury, might convince them that he did not commit the act which is the foundation of the charge, by force, or without the consent of the female. But the effect of this evidence was prevented and evaded by testimony on behalf of the State, tending to prove that the female was under ten years of age, and thereupon insisting that she was legally incapable of consenting; a case for which he was not warned by the indictment to be prepared. Such a course of proceedings might lead to very serious and unjust consequences.

We do not decide that the girl's age might not be properly proved under this indictment. A rape proper may be committed on a female under ten years of age. It may be proved that the act was committed by force, and against her will; which would, ordinarily, be manifested by her struggles to prevent it. And the age, as well as any other cause of weakness, might be proved, to show to the jury that, if her struggles appeared not to be violent, that was because she had not strength enough to make them so. But we think the court erred in permitting defendant to be, in effect, prosecuted and convicted of the offense defined in section 3663, under an indictment for the offense of rape under section 3661, without any count therein for the former offense.

[Booker et al. v. Jones's Administratrix.]

The charge asked on behalf of defendant, and refused by the court, namely : " That the question of age, under this indictment, does not properly arise ; and if they believe from the testimony that Rodah Aires consented to the act, they must find the defendant not guilty "—ought to have been given.

Let the judgment be reversed, and the cause remanded. Appellant must remain in custody, until discharged by due course of law.