State vs. Erickson.

STATE vs. ERICKSON.

CRIMINAL LAW. *Unlawful knowledge of child under ten. Surplusage in pleading. When charge of one crime will sustain conviction of another.*

1. The statute (sec. 40, ch. 164, R. S. 1858) provides that "if any person shall unlawfully know and abuse any female child under the age of ten years, he shall be punished by imprisonment in the state prison for life." An information charging that defendant, "with force and against her will, did ravish and carnally know" a female child under the age of ten years, *held* to charge sufficiently the crime defined in the statute, the averment of force and want of consent being immaterial and mere surplusage.

2. Such an information will not sustain a conviction of rape under sec. 39 of the same chapter, because both averment *and proof* of force and want of consent are essential to such a conviction.

3. The rule that the accused may be convicted of a lower crime when charged with a greater, applies only where the proof necessary to convict of the greater is sufficient to prove the less.

4. The verdict upon the information above recited was, that defendant was " guilty of the crime of rape upon one A. B., being of the age of *over* ten years." *Held*, that a motion in arrest of judgment should be granted.

CERTIFIED from the Circuit Court for *Brown* County.

Defendant was tried upon an information, which alleged that on the 12th of December, 1877, at, etc., he " did violently and feloniously make an assault upon the body of one Philomela White, a female under the age of ten years, and her, the said Philomela White, with force and against her will, did then and there ravish and carnally know, contrary," etc. The verdict declares that the jury " find the defendant guilty of the crime of rape on one Philomela White, being of the age of over ten years."

After the trial and at the same term, defendant filed several exceptions to the charge of the judge; and on the 30th of March, 1878, as yet of said term, he moved in arrest of judgment, upon the following grounds: " 1. That, there being but one offense charged in the information, and the verdict having negatived a fact essential to a conviction of that crime, the verdict was in legal effect one of acquittal. 2. That, the age of Philomela White being fixed by the verdict as over ten years, the verdict was in legal effect one of acquittal."

The motion was denied, and thereupon, at the same term, defendant moved for a new trial upon the ground that the verdict was against the evidence, and for alleged errors in the rulings as to evidence, and in the giving and refusal of instructions. Exceptions were duly taken and allowed, and the cause certified to this court pursuant to secs. 7 and 8, ch. 180, R. S. 1858.

For the defendant, a brief was filed by *Tracy & Bailey*, and the cause was argued orally by *J. J. Tracy*.

*H. W. Chynoweth*, Assistant Attorney General, for the state, argued chiefly the following points: 1. The two offenses defined by secs. 39 and 40, ch. 164, R. S. 1858, respectively, being such as may be pleaded in separate counts in the same information (*Fizell v. The State*, 25 Wis., 364), if both offenses were united in one count, the objection on the ground of

duplicity was too late after a verdict acquitting defendant of one offense and convicting him of the other (*Com. v. Tuck*, 20 Pick., 356); especially under our statute allowing amendments of informations even upon trial. Laws of 1871, ch. 137, secs. 127–130. 2. The information sufficiently charges a crime under the statute. *Com. v. Tuck, supra; Com. v. Eaton*, 15 Pick., 273; *Com. v. Hope*, 22 id., 1; *Com. v. Twitchell*, 4 Cush., 74; *Com. v. Nichols*, 10 Allen, 199; *Com. v. Harris*, 13 id., 534; *State v. Newton*, 44 Iowa, 45; *Fizell v. The State, supra*. 3. If the information charges the offense defined in sec. 39, the conviction is good. If it charges only the offense defined by sec. 40, still, as the two offenses are of the same nature and merely of different degrees (*Fizell v. The State, supra*), defendant may be convicted of the lower under a charge of the higher. *Kilkelly v. The State*, 43 Wis., 604; *Com. v. Sugland*, 4 Gray, 7; *Com. v. Goodhue*, 2 Met., 193; *Com. v. Squires*, 97 Mass., 59; *Com. v. Thompson*, 116 id., 346, and cases there cited. These Massachusetts decisions were made under their statute (R. S. of Mass., ch. 137, sec. 11), which was adopted in this state after such construction (R. S. 1858, ch. 179, sec. 9); and those cases furnish the rule of construction here of that statute. 4. The information charges a rape; that crime may be committed on a female of any age; and the words stating the age may therefore be rejected as surplusage. 2 Bishop on Cr. Law, § 118; Bishop on Stat. Cr., § 487; Whart. Cr. Law, § 1153; *Mobley v. The State*, 46 Miss., 508; *O'Meara v. The State*, 17 Ohio St., 515; *State v. Storkey*, 63 N. C., 7; *State v. Farmer*, 4 Ired., 224; *People v. Ah Yek*, 29 Cal., 576; *Regina v. Neale*, 1 C. & K., 591; *Stephen v. The State*, 11 Ga., 226; *Wright v. The State*, 4 Humph., 194; *Com. v. Scannel*, 11 Cush., 547; *Com. v. Sugland, supra; Com. v. Sullivan*, 6 Gray, 477. 5. In the trial of every charge of rape, defendant must come prepared to prove, not only that he did not use actual force, but that the act was not performed upon a female of such a character, or was not performed upon her under such circumstances, that the law would raise a presumption that she could not consent.

Thus, if it appeared upon the trial of such a charge, that the female was an idiot, or a lunatic, or in a delirium, or stupefied, or asleep, or an infant under ten years of age, in either case mere proof by the state of actual carnal knowledge would be sufficient. And while defendant is entitled to be informed by the information of the *nature of the crime* with which he is charged, he is not entitled to be so informed of the *kind of evidence* by which the charge will be proved.

TAYLOR, J. We are of the opinion that the learned circuit judge erred in overruling the motion in arrest of judgment, upon the verdict.

The information was held by the learned judge a good information under sec. 40, ch. 164, R. S. 1858; and, in case the jury had found that the age of the child upon whom the alleged rape had been committed was under ten years, he would have been compelled to inflict the punishment prescribed by said section, viz., imprisonment in the state prison for life. We concur with the learned circuit judge upon this question. The section reads as follows: "If any person shall unlawfully know and abuse any female child under the age of ten years, he shall be punished by imprisonment in the state prison for life." The information charges that the defendant, "with force and against her will, did ravish and carnally know," instead of charging in the language of the statute, "did unlawfully know and abuse." It is clear, however, that the words of the information charge unlawful carnal knowledge and abuse, and the allegation that the carnal knowledge and abuse was with force and against the will of the child may be treated as surplusage; the real crime charged being the crime of rape upon a child under the age of ten years. If the crime had been charged in the information in the language of sec. 40, most certainly it would have been fully proved by evidence showing that the ravishment was with actual force and against the will of the child. It would be absurd to hold that the legislature intended that a man should be punished by imprisonment in the state prison for life for having carnal connection with a female child under

the age of ten years without force and with her consent, and that if he ravished her by force and against her consent he should be punished only for a term of not more than twenty nor less than ten years.

We are also of the opinion that the learned circuit judge was right in holding that this information, which charged that the ravishment was with force and against the will of the child, would be fully sustained by proof of the carnal intercourse, and that the child was under the age of ten years. Upon such proof the law conclusively presumes that it was by force and against the will of the child. The statute having declared that a female child under the age of ten years is incapable of consenting to the act of carnal connection, consequently any carnal connection with a child under that age is necessarily against her consent, and forcible. Such was substantially the opinion of this court in the case of *Fizell v. State*, 25 Wis., 364. See also *People v. McDonald*, 9 Mich., 150; *Crosswell v. The People*, 13 id., 429, 432; *Commonwealth v. Sugland*, 4 Gray, 7.

The information in this case containing but one count or charge, and that charging the defendant with an offense under sec. 40, no conviction under it of the offense of rape under sec. 39 can be sustained.

This is apparent if we change the form of the information, so as to make it conform to the exact requirements of section 40. In that case it would simply charge the defendant "with unlawfully knowing and abusing the child named, she being at the time under the age of ten years." Had the information been in this form, it seems clear that a conviction could not have been had under section 39 for the ravishment of a female child over ten years of age. In order to sustain a conviction under the 39th section, the act must be charged to have been done with force and against the will of the female ravished.

The charge in the information that the female child ravished was under the age of ten years, is the most material allegation in the information, and clearly determines that the information is for the crime punishable under sec. 40 instead of that under

sec. 39. It could not be held, if the information had charged a forcible ravishment against the will of a female child over ten years old, that the accused could be convicted of the ravishment, with or without force, of a child under the age of ten years. The reason is obvious. Sec. 40, which prescribes the punishment for the ravishment of a female under the age of ten years, fixes but one penalty, imprisonment in the state prison for life. This punishment is the highest known to our law, and far exceeds the punishment prescribed for the ravishment of a female over the age of ten years. The law provides that, upon an indictment for a higher grade of crime, the accused may be convicted of an offense of less degree, if included in the charge in the information or indictment; but there is no rule of law applicable to criminal actions, which permits a conviction of a crime of a higher degree than that charged in the information, though it may be of a similar character.

Having come to the conclusion that the information in the case at bar charged but one offense against the defendant, and that such offense was the ravishment of a female child under the age of ten years, and therefore, upon conviction of such offense, he must have been sentenced to imprisonment in the state prison for life, the allegation in the information that the subject of the ravishment was under ten years of age, was a substantive part of the information. It expressly defined the crime designated in sec. 40, invoked the punishment prescribed therein, and relieved the public prosecutor from the necessity of proving a ravishment by actual force and against the will of the child ravished. It must be proved, therefore, in order to convict the defendant. This view of the case is fully sustained by the following authorities: *State v. Cherry*, 1 Swan, 160; *Greer v. State*, 50 Ind., 267; *Mobley v. State*, 46 Miss., 501, 508; *Regina v. Martin*, 9 Car. & P., 215; *Regina v. Shott*, 3 Car. & Kir., 206; Bishop on Statutory Offenses, § 487. It is not a sufficient answer to say that because the information alleges unnecessarily that it was done forcibly and against the will of the child ravished, it is a good information under the provisions of sec. 39 for the ravishment of a female over the

age of ten years.  The fact remains, and it was so held by the learned circuit judge, that the information was good under sec. 40, a crime much more severely punished than that defined by sec. 39, and which could be proved by an entirely different kind of proof from that which would be required to prove the crime described in sec. 39.  The proof necessary to establish the crime charged in the information would prove only fornication or adultery if the female were over ten years, and neither prove nor tend to prove a forcible ravishment under sec. 39.  We think it will be found that in all the cases in which it is held that the accused may be convicted of a lesser crime, where charged with a greater in the information, the proof necessary to convict of the greater crime was sufficient to prove the lesser.

The cases referred to by the learned attorney general do not, as we think, conflict with the opinion above expressed.  The decisions in the supreme court of Massachusetts only go to the extent that the information or indictment need not state the age of the female upon whom the ravishment was committed; and the reason for the rule in that state is given in *Commonwealth v. Sugland,* 4 Gray, 7–12:  " The punishment being precisely similar and absolute in its extent, whether the rape were perpetrated upon a female over or under ten years of age, the court are of opinion that no sufficient ground is shown for arresting the judgment, and the prisoner may properly be sentenced to imprisonment for the term of his life."  This language clearly intimates that had the punishment been different, depending upon the age of the female ravished, the judgment of the court would have been different.

It will be found by a reference to the other cases cited by the state, that in the states where the courts have held that where the indictment either alleges no age of the subject of the ravishment, or that the allegation as to age is immaterial, the punishment for the crime is the same, whatever the age of the person ravished.  It would be contrary to all established rules of criminal law, to require the accused, when charged with a crime of which he may be convicted without any proof on the part of the state that he did the act forcibly or against the will

State vs. Erickson.

of the subject of the crime, to come to the trial prepared to show that he did not use force, and that the act was with her consent. Upon the trial of the crime charged in the information in the case at bar, the absence of force, and the fact of the consent of the subject, were neither of them a defense; the accused was not, therefore, called upon to come to the trial prepared to prove that which would be not admissible and no defense. He might have come to the trial and admitted every fact necessary to his conviction of the crime charged, if the age of the female upon whom the crime is charged to have been committed had been proved to be under ten years, and yet such admissions would not prove the crime of rape upon a female over the age of ten years. This illustration not only shows that the accused is not bound to come to trial in such case prepared to defend against a forcible ravishment, but it shows that the crime of forcible ravishment is not included in an information charging the crime described in sec. 40. As we have before said, the allegations of force and want of consent must be treated as immaterial or surplusage, and not necessary to be proved in order to convict the defendant of the offense charged. They cannot therefore be used by the state as the basis for the conviction of the defendant of the crime of forcible ravishment of a female over the age of ten years. Bishop, in his work on Criminal Procedure, vol. 1, § 229, says: "If, for example, the indictment is founded on a statute, and contains allegations covering all the terms of the statute, and making a complete offense, then adds something by way of making the offense appear more enormous, this latter matter may be disregarded as mere surplusage; it will have no effect to vitiate the indictment, and need not be proved."

The foregoing view of the case renders it unnecessary to examine the exceptions to the charge of the judge, and the other exceptions in the case which bear upon the question whether there was error in these proceedings for which a new trial should have been granted. The defendant having been acquitted of the only crime charged in the indictment, and this court holding that no judgment can be lawfully rendered upon

the verdict found by the jury, it would be clearly irregular to grant a new trial.

*By the Court.*— The motion of the defendant to arrest the judgment upon the verdict should have been sustained by the circuit court; and the cause is remanded with directions to the circuit court to allow such motion and arrest judgment.

RYAN, C. J., took no part.