### CRAWFORD HAYS *v.* THE STATE.

1. RAPE.  *Indictment.  Feloniously.*
     Under Code 1871, § 2672, as at common law, an indictment for rape must charge that it was "feloniously" done, and the averment that the accused feloniously did make an assault, and her then and there forcibly and against her will ravish and carnally know, is insufficient.

2. SAME.  *New trial.  Practice on reversal.*
     If the accused is convicted of rape on such an indictment, the Supreme Court will sustain a motion for a new trial and remand the case, in order that a trial for assault may be had upon the indictment as it stands, or a new indictment found for rape.

ERROR to the Circuit Court of Sumner County.

Hon. W. COTHRAN, Judge.

*F. S. White,* for the plaintiff in error, argued the case orally and filed a brief.

Under the indictment the accused could be convicted of nothing more than an assault.  It charged a felonious assault, but not a felonious ravishment.  " Feloniously did ravish " are technical words and are indispensable in every indictment for rape.  No other words can supply their place.  They are used in all the precedents, as well as the words "feloniously did assault."   1 Arch. Cr. Pl. & Pr. 999 ; Wharton Prec. Ind. & Pleas, 186 ; 1 Bish. Crim. Proc. § 559 ; 2 Bish. Crim. Proc. § 898, 907 ; *State* v. *Scott,* 72 N. C. 461 ; *Mears* v. *Commonwealth,* 2 Grant, 385 ; 1 Bouvier's Law Dic. 578 ; 2 Hale P. C. 184 ; 1 Chitty Crim. Law [242], [243] ; 2 Hawk. P. C. c. 25, § 55 ; Cro. Eliz. 193 ; 4 Black. Com. 307 ; 1 Burrill's Law Dic. 612.  Our statute has not changed this rule. Code 1871, § 2672, does not create a new offence or change rape as it was known at common law.  The object of that statute was to fix the punishment for the crime, and to make distinction between forcible ravishment and the carnal knowledge of a female who had no capacity to consent to the act. *Jesse* v. *State,* 28 Miss. 100 ; 1 Bish. Crim. Proc. § 348 ; *Sarah* v. *State,* 28 Miss. 267.  To charge that the assault was felonious is not sufficient, but it must be charged that the rape was felonious. *State* v. *Scott,* 72 N. C. 461 ; 1 Arch. Crim. Prac. 999, note

1; 1 Russell on Crimes, 920; 1 Hale, 632; 1 Arch. Crim. Pl. & Pr. p. 784; *Respublica* v. *Honeyman,* 2 Dallas, 228; *Commonwealth* v. *Gibson,* 2 Va. Cas. 70; *State* v. *Johnson,* 67 N. C. 55; *Fouts* v. *State,* 8 Ohio St. 98; *Kain* v. *State,* 8 Ohio St. 306; *Hagan* v. *State,* 10 Ohio St. 459. Any substantial error in charging the offence, which would have been fatal on general demurrer or motion in arrest of judgment, may be urged in error. *Kirk* v. *State,* 13 S. & M. 406; *Jesse* v. *State,* 28 Miss. 100; *Jefferson* v. *State,* 46 Miss. 270; *Thompson* v. *State,* 51 Miss. 353.

*Fred. Beall,* on the same side, argued orally and in writing.

The motion for a new trial should have been sustained, on the ground that the verdict is contrary to the law and evidence. The plaintiff in error was not charged with felony. The language of the statute must be preceded by the word " feloniously." *Commonwealth* v. *Fogerty,* 8 Gray, 489; 1 Chitty Crim. Law, 281; *Williams* v. *State,* 8 Humph. 585. In indictments for rape, the words " feloniously ravished " are essential. 1 Wharton Crim. Law, § 401; *Gouglemann* v. *People,* 3 Parker C. R. (N. Y.) 15; 1 Hale P. C. 628, 632; 2 Hale P. C. 184; *State* v. *Jim,* 1 Dev. (N. C.) 142; 1 Inst. 190; 2 Inst. 180; *Kellenbeck* v. *State,* 10 Md. 431; *Harman* v. *Commonwealth,* 12 Serg. & R. 69; *State* v. *Jesse,* 2 Dev. & Bat. 297. It will be seen by comparing the statute of Massachusetts (Rev. Sts. c. 137, § 14), with Code 1871, § 2884, that one is, in substance, a copy of the other. The Supreme Court of Massachusetts, in *Commonwealth* v. *Scannel,* 11 Cush. 547, said that the omission of the word " felonious," under that statute, would have been fatal. No circumlocution whatever will supply the want of the word. *Gouglemann* v. *People, ubi supra; Harrington* v. *State,* 54 Miss. 490; *State* v. *Raines,* 3 McCord, 533. Objection was not taken to the indictment in the court below by demurrer or motion to quash, because the indictment was good as charging an assault, and would not have been quashed. We object now because the sentence is for a felony; the offence charged only a misdemeanor.

*T. C. Catchings,* Attorney General, for the State, filed a a brief and argued the case orally.

The indictment is not bad because of the failure to aver

that the ravishment was done feloniously.  It is good under
Code 1871, § 2672, for that section contains a full description
of the offence.  *Jesse* v. *State*, 28 Miss. 109; *Sarah* v. *State*,
28 Miss. 267; *Harrington* v. *State*, 54 Miss. 490; *Common-
wealth* v. *Stout*, 7 B. Mon. 247; *State* v. *Eldridge*, 7 Eng. (Ark.)
608.  Felonious intent is no part of the description of rape, as
the offence is complete without it.  Even at common law the
intent.was immaterial.  1 Russell on Crimes, 902.  At common
law the procedure was different in cases of felony and misde-
meanor, and the use of the word "feloniously" served no purpose,
except to communicate to the court the information necessary
to direct it how to order the course of the trial.  1 Bishop
Crim. Proc. §§ 288, 289.  It is now a useless technicality,
and will be restricted to indictments under the common
law.  In many States it is held that it need not be used in
indictments founded upon statutes, unless it is used in the
statutes themselves.  That is certainly the correct rule, and
will no doubt be accepted as such by this court.  1 Bishop Crim.
Proc. § 290.  In the case at bar the indictment follows substan-
tially the language of the statute defining rape; and, as that
makes no use of the word " feloniously," it is unnecessary that it
should appear in the indictment.  The indictment is also
expressly made good by Code 1871, § 2864.  It was so held
by the Supreme Court of Tennessee in the case of *Peek* v.
*State*, 2 Humph. 78, under a statute substantially the same
as ours.  Again, the use of the words is a mere form, *State*
v. *Eldridge*, 7 Eng. (Ark.) 608, and its omission from the
indictment could not be urged, except by demurrer or motion
to quash before the jury was impanelled.  Code 1871, § 2805.
Whether the omission is a defect of form or substance, it was
cured by the verdict, under Code 1871, § 2884.  Finally, a
fair construction of the language of the indictment makes it
sufficient, even if it should be held that the word feloniously
is essential.

GEORGE, C. J., delivered the opinion of the court.
The plaintiff in error was indicted for rape, convicted, and
sentenced to imprisonment in the Penitentiary for life.  It
is objected here that the indictment is not sufficient, because

the ravishment is not charged to have been done feloniously. The indictment charges that the prisoner, " with force and arms, in and upon one Nelly Edwards, a female over the age of ten years then being, violently and feloniously did make an assault, and her, the said Nelly Edwards, then and there forcibly and against her will, did then and there ravish and carnally know, against the peace, etc."

The objection that the word " feloniously " should have been repeated in connection with " ravish " seems to be clearly sustained by the authorities, if we consider that the indictment is to be treated as charging the common-law offence. The Attorney General, however, insists that the offence of rape is fully defined by the statute (Code 1871, § 2672) ; and that this indictment is good under that section, which is in the following words : " Every person who shall be convicted of rape, either by carnally and unlawfully knowing a female child under the age of ten years, or by forcibly ravishing any female of the age of ten years and upwards, shall be punished," etc. But we do not consider that the statute was intended to define fully and clearly the offence, but rather to impose a punishment for rape. The case comes under the rule laid down in *Jesse* v. *The State*, 28 Miss. 100 : " If the words used in the statute do not, in view of the nature of the offence and the recognized principles of law, describe the offence so as to convey to the mind a full and clear idea of every thing necessary to constitute the crime, in such case the full measure of the offence must be charged by the use of such words as are necessary and proper, under established rules of law, to characterize it."

One of the assignments of error is, that the court erred in refusing a new trial, which, as the indictment is defective for the principal offence attempted to be charged in it, though good for a mere assault, we will sustain, without inquiring specially into the grounds upon which it is based, so that the cause may be remanded, either for a new trial for the assault in the indictment as it now stands, or that the court may quash the indictment, and that a new one may be found properly framed for the trial of the crime of rape.

*Judgment accordingly.*