## JOHN BONNER *v.* THE STATE.

1. **ATTEMPT TO RAPE.** *Indictment.   Consent of female under ten years.   Sec.* 2942, *Code* 1880. *Case in judgment.*

Section 2942 of the Code of 1880 provides one penalty "for rape, either by carnally and unlawfully knowing a female child under the age of ten years, or by forcibly ravishing any female of the age of ten years or upwards." An indictment charged that one B. did "attempt to, feloniously, violently, forcibly and against her will, ravish and carnally know one E. C., a female; and in such attempt did then and there do a certain overt act towards the commission of such offence." On the trial it was shown that E. C. was a child under four years of age. It was not shown that the act was done without her consent and against her will. *Held,* that, under this indictment based upon the statute quoted, it was essential to show that the attempt was without the consent and against the will of E. C. to authorize a conviction.

2. **SAME.** *Female under ten years of age.   Indictment.   Proof.*

To obviate the necessity of proving the want of consent in such case, the indictment must allege that the female involved in the offence was under ten years of age.

APPEAL from the Circuit Court of Perry County.

HON. S. H. TERRAL, Judge.

The case is stated in the opinion of the Court.

*Calhoon & Green* and *E. A. Hamblen,* for the appellant.

---

---

Granting the indictment to be good, then very clearly it is good only under *Code, Section 2713,* construed together with the latter clause—not the first clause—of *Code, Section 2942.*

In other words, under this indictment the age of the female cuts no figure. She must be presumed to be over ten years old, whatever the proof is, because she is not averred to be under that age below which consent is immaterial; but the offence is charged to be *against her will.* But there is no proof that the attempt was against her will.

*T. M. Miller,* Attorney-General, for the State.

It is here insisted that the testimony was insufficient; this would seem to be without merit.

It is also insisted here for the first time that the indictment was insufficient; but I submit that the court would not consider such objections as are made. The indictment substantially complies with the section of the Code under which it is drawn.

ARNOLD, J., delivered the opinion of the Court.

Appellant was indicted and convicted of an attempt to commit rape. The indictment charges that he did " attempt to, feloniously, violently, forcibly and against her will, ravish and carnally know one Eveline Cook, female, and in such attempt did then and there do a certain overt act towards the commission of such offence," etc. The proof shows that the female upon whom the attempt was made was a child under four years of age. It is not shown that the act was done without her consent and against her will. There was a motion for a new trial, assigning, among other causes, that the verdict was contrary to the evidence, and that the evidence was not sufficient to warrant a verdict of guilty, which was overruled.

Sec. 2942 of the Code is in these words : " Every person who shall be convicted of rape, either by carnally and unlawfully knowing a female child under the age of ten years, or by forcibly ravishing any female of the age of ten years and upwards, shall suffer death ; unless the jury shall fix the penalty at imprisonment for life, as it may do in case of murder." The two offences denounced by this statute are of kindred nature, and are punished in the same manner; but they are not

identical, and the indictment and proof that would be sufficient for the one, or for an attempt to commit the one, would not be so for the other. The statute does not define fully and clearly the elements of either offence, and an indictment for either, or for an attempt to commit either, should charge the full measure of the offence by the use of such words as are necessary and proper, under established rules of law, to characterize it. *Hays* v. *The State*, 57 Miss., 783. Both offences are designated by the statute as rape; but it is manifest that by one is meant rape in its usual acceptation of being the carnal knowledge of a female forcibly and against her will, while the other is a rape which consists of unlawfully having carnal knowledge of a child, without reference to whether it is forcible and against her will or not.

Under the first clause of the statute, it is an offence for any person to unlawfully have carnal knowledge of a female child under the age of ten years, whether she consents or not; it being assumed by the statute that a child of that age is incompetent to give consent to such an act. An allegation in the indictment that the child was under the age of ten years would be necessary in an indictment under this clause of the statute, and it would be unnecessary to charge or prove that the act was done forcibly and against her will. Bish. Directions and Forms, Sec. 907; Whart. Prec., 187; Bish. Stat. Cr., Secs. 486, 491; 2 Whart. C. L., Sec. 1153; *Mobley* v. *The State*, 46 Miss., 501.

The second clause of the statute applies to rape in its common acceptation, treating all females of the age of ten years and upwards as capable of consenting or not consenting to such an act. Since rape, forcible and against the will, may be committed on a female of any age, it would not be necessary to allege or prove the age of the female in an indictment on that clause of the statute; but it would be to charge and prove that it was forcible and against her will.

*Mobley* v. *The State*, 46 Miss., 501.

When the offence is charged to be rape, or an attempt to commit rape, forcibly and against the will, it should be proved as alleged, no matter what the age of the female may be; and the accused ought not, on such charge, to be convicted of

65 Miss.—20.

the separate offence of unlawfully having, or attempting to have, carnal knowledge of a child under the age of ten years.

Bish. Stat. Cr., Sec. 486; *Vasser* v. *The State*, 55 Ala., 264; *Greer* v. *The State*, 50 Ind., 267:

When the offence is charged to have been done forcibly and against the will, the principle that a child of tender years cannot consent should not be invoked. If the offence is against a child under the age of ten years, and it is desired to avoid the necessity of proving that it was committed forcibly and against her will, the indictment should be drawn so as to accomplish that end. To charge one with an act which is unlawful because it is done with force and against the consent of another, and to convict him without proof of these essential elements of the crime, or to dispense with or supply such proof on such charge, on the theory that if there was consent, the party had not capacity to give it, would be a proceeding wholly inconsistent with the justice and fair dealing which should and does characterize the administration of public law.

Bishop says that one cannot be convicted of the statutory offence of unlawfully having carnal knowledge of a child, under the age specified in the statute, on an indictment in the ordinary form as for a rape on an adult. Bish. Stat. Cr., Sec. 486. In *Greer* v. *The State*, 50 Ind., 267, the Supreme Court of Indiana held that a statute similar to our own on the subject created different offences, and that the prosecution could not indict for one, and sustain it by proof of the other. Nor could he charge an assault with intent to commit one of the offences, and convict by evidence of an intent to commit the other. The variance between the allegations and the proof, it was said, would be fatal. On a like statute, the Supreme Court of Alabama, in *Vasser* v. *The State*, 55 Ala., 264, announced the same views, and reversed the judgment of the lower court, because the prisoner had in effect been indicted for one offence, and convicted of another.

It is an easy matter to avoid the difficulty which has been encountered in this case in prosecutions on the statute in question. The offences being of the same character and subject to the same punishment, if there is any doubt of the age of the female, there should be two counts in the indictment, one in the

common form, for rape or an attempt to commit rape, as the case may be, and the other for unlawfully having, or attempting to have, as the facts may suggest, carnal knowledge of a female child under the age of ten years.

*The judgment is reversed and the cause remanded.*