## STATE *v.* HENRY W. WHEAT.

*Rape.  Assault with intent to commit.  Age of consent.*

1. Under No. 63, Acts of 1886, the offense of carnally knowing a female more than fourteen years of age, "by force and against her will," is distinct from that of "carnally knowing a female under fourteen years of age," "with or without her consent," and an indictment for the latter crime must allege the age of the female.

2. Where an indictment charges the respondent with an assault upon a female, whose age is not averred, with the intent to carnally know her against her will, it must be shown on trial that the female did not consent, even though it appears that she was under the age of fourteen ; for whether or not one can be convicted of an attempt to carnally know a female under fourteen years of age with her consent, that is not the crime charged in the indictment and for which the respondent is on trial.

Indictment for an assault with an intent to commit rape. Trial by jury at the September term, 1889, Washington county, Ross, J., presiding.  Verdict of guilty.

The respondent excepts.

*Geo. W. Wing*, for the respondent.

Upon this indictment the respondent cannot be tried for an attempt to carnally know a female under fourteen years of age with her consent.  In case of that offence the age of the female is material and must be averred.  *Reg* v. *Martin*, 9 Car. & P. 215 ; *State* v. *Storkey*, 63 N. C. 7 ; *O'Meara* v. *State*, 17 Ohio State 515 ; *Reg* v. *Shoot*, 3 Car. & K. 206 ; *Greer* v. *State*, 50 Ind. 267 ; *Vasser* v. *State*, 55 Ala. 264 ; *Williams* v. *State*, 1 Tex. 90.  See also *Mobley* v. *State*, 46 Miss. 301 ; *Bonner* v. *State*, 65 Miss. 295.

There can be no indictment for such an offence, for if the female consents it is not an assault. *Rex* v. *Cockburn,* 3 Cox C. C. 543; *State* v. *Pickett,* 11 Nev. 255; *Reg* v. *Roadley,* 14 Cox C. C. 463; *Reg* v. *Martin,* 9 Car & P. 213; *Reg* v. *Johnson,* 10 Cox C. C. 114; *Reg* v. *Day,* 9 Car & P. 722; *Smith* v. *State,* 12 Ohio St. 466.

*J. G. Wing* and *A. G. Fay,* for the State.

The female being under fourteen years of age, the charge of the court that her consent was immaterial, was correct. *Hays* v. *People,* 1 Hill 351; *O'Meara* v. *State,* 17 Ohio St. 575; *Fizell* v. *State,* 25 Wis. 364; *People* v. *McDonald,* 9 Mich. 150; *State* v. *Dancy,* 13 N. C. 603; *Williams* v. *State,* 47 Miss. 609; *Givens* v. *Com.,* 29 Grat. 130; 2 Abbott's Law Dict. p. 378, Rape; *Dawson* v. *State,* 29 Ark. 116; *State* v. *Handy,* 4 Har. (Del.) 566; *State* v. *Cross,* 12 Iowa 66; *State* v. *Filman,* 30 La. 1249; *Steven* v. *State,* 11 Ga. 225; *State* v. *Grosshim,* 44 N. W. Rep. 541; *People* v. *Gonlette,* 45 N. W Rep. 1124; *State* v. *Storkey,* 63 N. C. 7; *Mayo* v. *State,* 7 Tex. 342; *Rex* v. *Beale,* 10 Cox C. C. 157; *Rex* v. *Locke,* Law Rep. 2 C. C. 10; Bish. St. Cr. sec. 492.

It was not necessary to aver the age of the female. *Com.* v. *Sugland,* 4 Gray 7; *Com.* v. *Sullivan,* 6 Gray 477; *People* v. *Ah Yek,* 29 Cal. 575; *State* v. *Johnson,* 76 N. C. 209; *Mayo* v. *State,* 7 Tex. 342.

The opinion of the court was delivered by

MUNSON, J. Our statutory provisions concerning rape are found in No. 63, Acts of 1886. In the first section of this act, provision is made for the punishment of a person over the age of sixteen years who "ravishes and carnally knows a female person of the age of fourteen years or more, by force and against her will," or "unlawfully and carnally knows a female person under fourteen years of age, with or without her consent." R.

State *v.* Wheat.

L. 4117 provides for the punishment of one who "assaults a female person with intent to commit rape."

This indictment charges that the respondent with force and arms made an indecent assault upon one Alice M. Taylor, "with intent her, the said Alice M. Taylor, unlawfully, violently, and against the will of her, the said Alice M. Taylor, feloniously to ravish and carnally know." It contains no allegation of the age of either person. It appeared in evidence that the respondent was twenty-eight years old, and that the person assaulted was under fourteen. The court instructed the jury that it was immaterial whether the girl consented to the attempted intercourse or not.

The respondent contends that the statute which would have deprived him of the defense of consent if his purpose had been accomplished, does not deprive him of that defense as regards the attempt; and that in the absence of any statutory provision an attempt which is consented to cannot be an assault. This contention is supported by decisions in several States. *Smith* v. *State*, 12 O. St. 466 ; 80 Am. Dec. 355 ; *State* v. *Pickett*, 11 Nev. 255 ; 21 Am. Rep. 754. In other States the contrary view has been taken. *Hays* v. *The People*, 1 Hill 351 ; *The People* v. *McDonald*, 9 Mich. 150 ; *Fizell* v. *State*, 25 Wis. 364. But we do not think a determination of this question is necessary to the disposal of the case at bar.

The offence of having carnal knowledge of a female person against her will, is distinct from that of having carnal knowledge of one under the age of fourteen with her consent, although both offences are rape. In the first offence, the question of age is not involved. In the second offence, it is the age of the victim which eliminates the element of consent. On an indictment for committing the ordinary offence, one cannot be convicted of having had carnal knowledge of a person under the prescribed age, with her consent. In an indictment for the latter offence an averment of age is essential. *Bonner* v. *State*, 65 Miss. 293 ;

State v. Wheat.

*State* v. *Erickson*, 45 Wis. 86. This indictment charges an assault with intent to commit the ordinary offence, and contains no averment of age. Even if the law permits a conviction for an attempt which is consented to, we think that in a trial on this indictment it was error to hold that consent was immaterial.

An indictment must be so framed as to apprise the respondent of the charge which is brought against him. This indictment did not inform the respondent that the charge was one wherein the effect of consent might be taken away by proof of age. He might well assume that nothing but proof of consent was necessary to his defense, and so go to trial without any evidence as to the age of the person consenting. Had he been informed by the indictment that the prosecution expected to establish an attempt upon a person below the age of consent, he might have been prepared with evidence upon the further point. So if it were to be held that one may be punished for an unsuccessful attempt to have carnal knowledge of a female under the age of fourteen years with her consent, we think that on the charge here made proof that the female was under that age would not relieve the State from showing that the attempt was against her will. As this indictment is framed, it is the age which is immaterial, and not the fact of consent. One may be convicted of rape proper upon a person under the age of consent, or of an assault with intent to commit that offence. *Vasser* v. *State*, 55 Ala. 264; *O'Meara* v. *State*, 17 O. St. 515. There was evidence tending to show that this attempt was by force and against the will, but under the charge of the court the jury was not called upon to consider it.

*Exceptions sustained, and cause remanded for new trial.*

Royce, Ch. J., and Powers, J., did not sit.