McNALLY *v.* STATE.

Feb. 18, 1952.

No. 38349 (56 So. (2d) 834)

**Stone & Stone,** for appellant.

**Geo. H. Ethridge,** Assistant Attorney General, for appellee.

**Holmes, J.**

Appellant was indicted, tried and convicted in the Circuit Court of Grenada County for assault and battery with intent to kill and murder his niece, Margaret McNally, a girl of the age nine years, and was sentenced to imprisonment for three years in the State penitentiary.

The indictment, omitting the formal parts, charges as follows:

"That W. C. McNally, late of the County aforesaid, on the 22nd day of January in the year of our Lord, 1951, in the County and State aforesaid, and within the jurisdiction of this Court, did then and there wilfully, unlawfully and feloniously make an assault and battery upon the person of Margaret McNally, a minor female child of the age of nine years, with force and means likely to have produced death, by then and there beating and

striking her with a cowhide belt and with a large switch or stick, and by pulling her hair out by the roots, and by burning her leg with a cigarette lighter, and holding her by her feet and striking her head against the floor and wall, and by mashing or stamping her head with his feet, with the wilful, unlawful and felonious intent of him the said W. C. McNally to kill and murder her the said Margaret McNally, a human being, against the peace and dignity of the State of Mississippi.''

The indictment was obviously drawn under Section 2011 of the Mississippi Code of 1942, the pertinent provisions of which are: ''Every person who shall be convicted * * * of any assault or assault and battery upon another with any deadly weapons or other means or force likely to produce death, with intent to kill and murder * * * such other person * * * shall be imprisoned in the penitentiary not more than ten years * * *.''

The State's proof overwhelmingly established the guilt of the accused and in fact was uncontradicted since appellant offered no evidence in his own behalf.

 It is contended by the appellant on this appeal, however, that the trial court erred in overruling his demurrer to the indictment, based upon the ground that the several acts of violence alleged in the indictment constituted separate and distinct offenses. We are unable to concur in this contention. The indictment charged the several acts of violence not as separate offenses but as acts constituting the means or force likely to produce death. The proof showed that they were committed as one continuous transaction and whether they constituted means or force likely to produce death was a question for the jury. Blaine v. State, 196 Miss. 603, 17 So. (2d) 549. That the jury was amply warranted in finding that the attack made upon the unfortunate child victim was such as was likely to produce death is clear from the undisputed evidence that the injuries inflicted upon her were such that it was necesary for her to be taken to a hospital,

where, on examination, she showed symptoms of a concussion of the brain and for twenty-four hours was in a critical and semi-comatose condition.

 It is further contended by appellant that the victim, Margaret McNally, and her brother, Calvin McNally, both of whom testified for the state, were not qualified to testify because of their immaturity. On preliminary examination, however, both witnesses showed a clear understanding of the meaning and effect of testifying truthfully or falsely, and demonstrated their ability to understand the questions propounded to them and to frame intelligent answers thereto. Furthermore, the trial judge saw them and observed their manner of testifying and was in a better position than this Court to determine their intelligence or lack of it, and the determination of their qualification rested primarily with the trial judge. Anderson v. State, 199 Miss. 885, 25 So. (2d) 474. We find no error in the action of the court in permitting these witnesses to testify.

 Appellant also argues that the trial court erred in permitting leading questions to be propounded to these youthful witnesses. We think that was a matter for the trial court's discretion and that no abuse of such discretion is shown. Summerville v. State, 207 Miss. 54, 41 So. (2d) 377.

Complaint is made also of the action of the trial court in refusing certain instructions requested by the appellant. We have carefully examined these instructions and find no error in the trial court's ruling thereon.

The record in its entirety discloses that the appellant received a fair and impartial trial and that it is free from reversible error. His offense is one that evinces brutality and cruelty to a helpless child. It offends the higher impulses of humanity and solicitude for the care and protection of young children. For such offense, he has received a most lenient sentence and we are not warranted

in disturbing his conviction. Accordingly the judgment of the court below is affirmed.

Affirmed.

**McGehee, C. J.,** and **Alexander, Kyle** and **Hall, JJ.,** concur.