This case was appealed from the Circuit Court of Coahoma County, Mississippi. The appellant was indicted, tried and convicted of the crime of rape, and sentenced to serve a life term in the State Penitentiary. The victim, prosecutrix, was a mentally incompetent female. She was either an idiot or an imbecile. She was brought into the courtroom and was not able to testify.
Two children, ages 7 and 8, were permitted to testify, and their testimony, coupled with medical testimony, is the basis on which the conviction was had. These witnesses testified that they saw the appellant having sexual intercourse with the mentally defective victim. The details of this testimony are not necessary for the determination of this case.
 I.
The appellant contends, on appeal, that the Circuit Court committed reversible error in permitting these two children to testify over appellant's objection and in authorizing the jury to find appellant, Louis Wilson, guilty without any proof of the use of force by appellant, or without proof that the alleged sexual intercourse was accomplished without the consent of Bertha Lee Harris, the victim.
Before the two children were permitted to testify, the trial Judge examined each of them to test their capacity to understand the gravity of an oath, their mental ability, their conduct, and their ability to relate events. The Judge permitted the witnesses to testify, and from their testimony it is apparent that the children were not testifying from imagination or tutoring. We are of the opinion that the testimony of these two children was properly admitted. *Page 102 
The competency or incompetency of children to testify is largely an issue within the sound discretion of the trial judge. Of course, the parties to the litigation may examine the witnesses, on voir dire, but the duty to determine the competency of children witnesses is for the trial judge to decide from his voir dire examination of the witnesses. McNally v. State,213 Miss. 356, 56 So.2d 834 (1952); Yarbrough v. State, 202 Miss. 820, 32 So.2d 436 (1947); Anderson v. State, 199 Miss. 885,25 So.2d 474 (1946); 97 C.J.S. Witnesses § 58 at 451-452 (1957); Underhill, Criminal Evidence § 377 at 725 (4th ed. 1935); cf.
Robinson v. State, 235 Miss. 100, 108 So.2d 583 (1959); Jackson v. State, 158 Miss. 524, 130 So. 729 (1930).
 II.
Appellant complains on appeal that the testimony introduced by the State did not substantiate the charge laid in the indictment, because, it is said, the proof did not show that the defendant used "force" to have sexual intercourse with the prosecutrix, nor did the testimony show that the alleged intercourse was accomplished "without her consent." The appellant therefore contends that the defendant's motion to dismiss should have been sustained.
The appellant has raised a very unusual legal question, albeit a serious one. The defendant was indicted under section 2358, Mississippi Code 1942 Annotated (1956). This Code section is in the following language:
 "Every person who shall be convicted of rape, either by carnally and unlawfully knowing a female child under the age of twelve years, or by forcibly ravishing any female of the age of twelve years and upward, or who shall have been convicted of having carnal knowledge of any female above the age of twelve years without her consent, by administering to her any substance or liquid which shall produce such stupor or such imbecility of mind or weakness of body as to prevent effectual resistance, shall suffer death, unless the jury shall fix the imprisonment in the penitentiary for life, as it may do in case of murder. In all cases where the female is under the age of twelve years it shall not be necessary to prove penetration of the female's private parts where it is shown the private parts of the female have been lacerated or torn in the attempt to have carnal knowledge of her."
The indictment presented by the grand jury charged the defendant with forcible rape. Leaving out the formal parts of the indictment, it is as follows:
 "* * * with force and arms in the State and County aforesaid, and within the jurisdiction of this Court, did then and there wilfully, unlawfully, feloniously, forcibly, and violently make an assault upon the person of one Bertha Lee Harris, a female, and did then and there violently, forcibly, and feloniously rape, ravish, and carnally know her, the said Bertha Lee Harris, against her consent, against the peace and dignity of the State of Mississippi."
The testimony introduced by the prosecution did not show that the defendant "forcibly ravished" the prosecutrix, nor was it shown that the defendant had carnal knowledge of the female victim "without her consent."
The State offered proof to show that the defendant had sexual intercourse with the prosecutrix, an idiot or an imbecile, who was mentally incapable of giving her consent to sexual intercourse and was physically unable to resist the defendant's embrace.
The narrow issue presented here is whether or not the State is required to set forth in the indictment charging the defendant with rape sufficient facts so as to inform the defendant that his alleged victim was mentally incapable of giving her consent to the act of sexual intercourse. *Page 103 
The language used in the indictment in the instant case is the regular common law charge of rape by force. Bishop, Directions and Forms § 905 at 518 (2d ed. 1901); Buchanan v. State,225 Miss. 399, 83 So.2d 627 (1955); Hays v. State, 57 Miss. 783
(1880).
Code section 2358 here under examination does not define the crime of rape of a female over the age of twelve years, but leaves the definition of rape to be ascertained by the common law definition. Bonner v. State, 65 Miss. 293, 3 So. 663 (1888); Hays v. State, supra. Rape at common law is the unlawful carnal knowledge of a woman over the age of ten years forcibly and without her consent, or as it is sometimes expressed, "by force" or "forcibly" and "against her will." State v. Bradford,126 Miss. 868, 89 So. 767 (1921). Under the early English statute (St. 18 Eliz. c. 7 § 4), carnal knowledge of a female child under the age of ten with her consent was also made the crime of rape. 44 Am.Jur. Rape § 2 (1942); 75 C.J.S. Rape § 8 (1952). See Lord Hale's definition set out in Baxter v. State, 80 Neb. 840, 842, 115 N.W. 534 (1908).
Force has aways been an essential element of the crime of rape where the female was physically and mentally capable of resistance. The force necessary to constitute the crime of rape did not necessarily mean actual force but could be constructive or implied force. 75 C.J.S. Rape § 12 at 474-475 (1952).
Under the common law proof of sexual intercourse with a woman mentally incapable of consent because of imbecility, idiocy or insanity, establishes the crime of rape. Stephenson v. State,35 Ala. App. 379, 48 So.2d 255 (1950); The Queen v. Ryan, 2 Cox Crim.Cas. 115 (1846); 75 C.J.S. Rape § 14b (1952). Where the victim in a rape case was mentally incapable of consent, it was not necessary to prove "actual force" beyond the mere force of penetration so that actual resistance was not necessary to constitute the offense. It was said in Lewis v. State, 183 Miss. 192,184 So. 53 (1938), that where the indictment charged force it was necessary to prove force since the female alleged to have been raped was only eight years of age.
The allegations of force in an indictment for rape under the common law could be sustained by proof of carnal knowledge of an insane or mentally incompetent female. People v. Snyder, 75 Cal. 323, 17 P. 208 (1888); Commonwealth v. Stephens, 143 Pa. Super. 394, 17 A.2d 919 (1914). In 1960 the Supreme Court of California had the question of variance of the proof on the issue of force set out in an indictment before it in a rape case, and the Court overruled People v. Snyder, supra, upon the theory that "[a]n accused should be advised of the charge against him in order that he may have a reasonable opportunity to prepare and present his defense." People v. Collins, 54 Cal.2d 57, 4 Cal.Rptr. 158,351 P.2d 326 (1960).
In Stephens, supra, the Supreme Court of Pennsylvania held that proof that the victim was insane or too weak of mind to give a rational consent was sufficient to establish "force" charged in the indictment. The Court said: "In the present case the indictment was sufficient, and appellant's remedy, if it did not furnish sufficient information to enable him to prepare his defense, was by motion for a bill of particulars." 143 Pa.Super. at 402, 17 A.2d at 922.
Under the law of Mississippi, the defendant in a criminal case is not entitled to a bill of particulars; the only information as to the crime charged against him to which he is entitled is the charge set forth in the indictment. Andrews v. State, 237 Miss. 875, 116 So.2d 749 (1960); Jones v. State, 215 Miss. 355,60 So.2d 805 (1952).
In the case of Bonner v. State, 65 Miss. 293, 3 So. 663 (1888), this Court held that where an indictment charged force in a rape case, the proof that the child was under ten years of age did not satisfy the *Page 104 
charge of force laid in the indictment. The Court said:
 "An allegation in the indictment that the child was under the age of 10 years would be necessary in an indictment under this clause of the statute, and it would render it unnecessary to charge or prove that the act was done forcibly and against her will." 65 Miss. at 295, 3 So. at 664.
The Court in this case was careful to point out that the two offenses denounced by the statute (common law and statutory) are of kindred nature, and are punished in the same manner, but they are not identical and the indictment and proof that would be sufficient for one would not be for the other. This case was cited with approval in Alfred v. State, 32 So. 54 (Miss. 1902).
These two cases are not in point here because proof of one crime under this statute does not establish the charge under another crime set out in the same statute. However, they are persuasive because they required that the indictment charging rape must be specific.
Mississippi Constitution section 26 requires that "[i]n all criminal prosecutions the accused shall have a right * * to demand the nature and cause of the accusation," and since it is the law of this state that an accused is not entitled to a bill of particulars in criminal cases, the indictment must set out the charge with certainty, clarity, and particularity, so as to leave no doubt of the crime intended to be charged.
We have reached the conclusion that the indictment in the instant case should have described the crime intended to have been charged with more particularity, in order to have shown constructive force and inability of the female to consent. The form of the common law indictment above set out need not necessarily be changed, except to add after the name of the prosecutrix, some phrase similar to the following: "She being then and there so mentally incapacitated as to have no will to oppose the act of carnal knowledge." Cf. Caruth v. State, 25 S.W. 778 (Tex.Cr. App. 1894).
The judgment of the trial court will therefore be reversed, and the charge laid in the indictment against Louis Wilson is hereby dismissed, but in compliance with section 2433, Mississippi Code 1942 Annotated (1956), the accused, Louis Wilson, will not be discharged, but will be held in the custody of the sheriff of Coahoma County, Mississippi, pending the investigation by the next grand jury.
Reversed, indictment dismissed, and appellant remanded into the custody of the Sheriff of Coahoma County, Mississippi.
ETHRIDGE, C.J., and JONES, BRADY and SMITH, JJ., concur.